## Commonwealth *v.* Ray, Appellant.

Argued October 1, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (WOODSIDE, J., absent).

*Eugene W. Lederer,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Edward L. Willard,* Special Counsel, *Ralph Snyder,* Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

The question presented on this appeal is whether section 51 of the Act of March 31, 1860, P. L. 427, 19 PS §831, precludes the conviction and sentence of defendant, Donald L. Ray, for the crime of robbery. When convicted of this felony, defendant was in process of trial for riot, a misdemeanor, for which he was subsequently convicted. It appears that the robbery was committed by defendant, a penitentiary inmate, when he forcibly took a revolver from a guard at the beginning of a riot in which defendant and other inmates of the same institution participated.

Defendant was indicted on September 1, 1953, at No. 162, May Sessions, 1953, in the Court of Quarter Sessions of Centre County, on the charge of robbery. On the same day this defendant was also charged at No. 161, May Sessions, 1953, with the crime of riot. True bills were returned by the grand jury in both cases. The bill of indictment charging defendant with riot set forth that the offense occurred on January 19, 1953, and thereafter. The riot charge grew out of a general disturbance by the inmates of Rockview Prison Farm, Western State Penitentiary, Centre County, Pennsylvania, between January 19 and 22, 1953, in which the inmates seized several guards, disarmed them, and held them as hostages; seized control of the penitentiary and locked and barricaded the exits and entrances; set the contents of the buildings on fire, and otherwise destroyed property; disturbed the peace; seized guns and went about armed; acted in concert and proceeded to execute their purpose with violence;

and wrought general havoc, alarming and terrifying the public. See *Com. v. Zwierzelewski,* 177 Pa. Superior Ct. 141, 110 A. 2d 757. The charge of robbery was based on defendant's taking a loaded revolver by force from a penitentiary guard during the first hour of the riot which extended over a four-day period, January 19th to January 22d.

On Tuesday, September 15, 1953, defendant was first called for trial on the indictment charging riot (No. 161, May Sessions, 1953), together with fourteen other co-defendants. The trial for riot continued from Tuesday, September 15th, to Saturday, September 19th, at which time the court ordered an adjournment so that one of the jurors could attend the funeral of a relative in another state. The jurors who had been impaneled to try the fifteen defendants for riot were given the usual admonition and were directed to return on Tuesday, September 22d, to hear the charge of the court, and thereupon deliberate upon their verdicts. Meanwhile, on Monday, September 21st, the defendant was called for trial on the indictment charging robbery. He entered a plea of not guilty, was tried before a judge and a jury, and was found guilty on the same day. On the day following, Tuesday, September 22d, the jury which had been selected to try the defendant and fourteen others resumed deliberation and returned a verdict of guilty as to each. After having been convicted of robbery, defendant filed a motion in arrest of judgment on the ground that section 51 of the Act of March 31, 1860, P. L. 427, 19 PS §831, was a bar to such conviction. The trial court overruled defendant's motion and imposed sentence on the indictment charging robbery of which he had been found guilty by the jury.

On this appeal appellant contends that, under the circumstances here present, section 51 of the Act of March 31, 1860, P. L. 427, 19 PS §831, prevents his

trial for robbery, a felony, after he had been placed on trial for riot, a misdemeanor, of which offense he was also convicted. Section 51 of the Act of 1860 provides: "If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before whom such trial may be had shall think fit, in its discretion, to discharge the jury from giving any verdict upon such trial, and direct such person to be indicted for felony, in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor."

We are of the opinion, considering the fundamental purpose of section 51, that this section of the Act of 1860 did not operate in the present case to prevent the prosecution and conviction of appellant for both crimes with which he had been charged.

It is to be noted that section 51 provides: ". . . no person *tried* for such misdemeanor shall be liable to be afterwards prosecuted for *felony* . . ." [Italics supplied.] We think it can be said that appellant had not been "tried" for riot at the time of his trial and conviction for robbery. Thus appellant did not come within the letter of section 51 in this respect. However, it is conclusive that appellant did not come within the substance of the prohibition set forth in section 51. This is true because as to appellant, the charge of robbery and the charge of riot are not what may be designated as contained crimes. Section 51 directs that one who has been tried for misdemeanor shall not "be liable to be afterwards prosecuted for felony *on the same facts*, . . ." [Italics supplied.] As said in *Com. v.*

*Thatcher,* 364 Pa. 326, 332, 71 A. 2d 796, 798: "Section 51 of the Act of 1860 was obviously intended . . . to obviate the unjust results that would follow from allowing prosecution and conviction for *two* crimes, on *one state of facts.*" Consequently, a verdict of acquittal or conviction on an indictment for the minor offense is a bar to a trial on an indictment for a crime which includes it; for example, where a defendant has been tried and convicted upon the same state of facts for fornication and bastardy, and rape. *Com. v. Arner,* 149 Pa. 35, 24 A. 83.

Appellant individually committed the crime of robbery during the riot in which he participated with others, but there was no merger of these offenses as the essential elements of each were distinct. Robbery is the felonious and forcible taking of goods or money to any value from the person of another by violence or putting in fear. *Com. v. Dantine,* 261 Pa. 496, 104 A. 672; *Com. v. Darcy,* 362 Pa. 259, 66 A. 2d 663; *Com. v. Anagustov,* 82 Pa. Superior Ct. 156. Riot has been defined as "the assembling together of three or more persons in a riotous, tumultuous, and disorderly manner, and proceeding with a common intent and purpose to the commission of unlawful acts which tended to alarm and terrify law-abiding citizens engaged in the peaceful exercise of their constitutional rights and privileges": *Com. v. Apriceno,* 131 Pa. Superior Ct. 158, 161, 198 A. 515, 517. See, also, *Com. v. Paul,* 145 Pa. Superior Ct. 548, 553, 21 A. 2d 421; *Com. v. Zwierzelewski,* supra, 177 Pa. Superior Ct. 141, 110 A. 2d 757. The riot continued over several days, while the robbery with which appellant was also charged took place in a few minutes at the inception of the riot. Evidence that appellant was seen carrying a revolver on successive days of the riot was not essential to establish the robbery, but was merely corroborative there-

of. It is clear that section 51 was intended to prevent a prosecution on the same facts for a lesser offense and a subsequent prosecution for a greater offense which included the lesser. As we view the purpose underlying section 51, the principles of the doctrine of double jeopardy and merger of crimes are applicable, at least by analogy. The objective of these various provisions is the same—to prevent a defendant from being prosecuted twice for what is in substance the same or a contained offense. In *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 21 A. 2d 920, 921, our Supreme Court said: "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny." See, also, *Com. v. McCusker,* 363 Pa. 450, 457, 70 A. 2d 273; *Com. v. Comber,* 374 Pa. 570, 584, 97 A. 2d 343. To the same effect, see *Com. v. Moon,* 151 Pa. Superior Ct. 555, 30 A. 2d 704; *Com. v. Moss,* 173 Pa. Superior Ct. 367, 98 A. 2d 372; *Com. ex rel. Comer v. Claudy,* 174 Pa. Superior Ct. 494, 498, 102 A. 2d 227. Appellant cannot complain that he was tried, convicted, and sentenced for robbery, a felony, and for riot, a misdemeanor, as they are essentially different offenses. He was not twice subjected to prosecution on the same state of facts for a single or contained offense. The court below properly refused appellant's motion in arrest of judgment.

Judgment of sentence is affirmed.

WOODSIDE, J., took no part in the consideration or decision of this case.