Commonwealth *v.* McFadden, Appellant.

Argued April 21, 1972. Before JONES, C. J. EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

*Howard E. Davidson,* with him *Astor & Weiss,* for appellant.

*David R. Scott,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

148

OPINION BY MR. JUSTICE EAGEN, June 28, 1972:

The appellant, Major McFadden, was convicted by a jury of voluntary manslaughter and accessory after the fact to murder. Subsequently, motions in arrest of judgment or for a new trial were denied, and a prison sentence of 1½ to 10 years was imposed on the manslaughter conviction. Sentence was suspended on the accessory after the fact conviction. These appeals followed.

The only question requiring discussion is whether the trial evidence was sufficient to sustain either or both convictions as a matter of law.

Reading the record in a light most favorable to the Commonwealth, as we are required to do (*Commonwealth v. Bartlett*, 446 Pa. 392, 288 A. 2d 796 (1972)), these are the facts established at trial.

On the afternoon of September 15, 1970, Robert L. Washington tried to stab his wife, Sophie Washington, during a quarrel and she then went to her parent's residence at 2322 North Hope Street in Philadelphia accompanied by their two children.

About 9 p.m., that same evening, an automobile similar to one owned by the appellant, McFadden, was seen passing by the Hope Street address at a slow speed, and after circling the block stopped for two or three minutes on Hope Street in a parking space located about one block to the north. It was then observed that McFadden was seated behind the wheel of the vehicle, an unidentified female was seated beside him and Robert L. Washington, a close friend and companion of McFadden, was seated in the rear. McFadden and the female exited from the vehicle "and went to the back of the car and near the trunk."[1] The two then re-entered the automobile and it proceeded to cir-

---

[1] In its brief, the Commonwealth states McFadden, "retrieved something from the trunk", but this is not supported by the record.

cle the block once again before parking at the corner of Hope and Dauphin Streets about 155 feet south of 2322 North Hope Street.

Very shortly thereafter, Washington was seen walking north on North Hope Street from the direction of the McFadden automobile. Sophie Washington, her parents and her brother, Russell Green, were sitting on the front steps of the parents' home. When Washington arrived in front of the house, he pulled a rifle from underneath a shirt he was carrying over his arm, and aimed the rifle at his wife. She ran behind a truck parked in front of the house. When Russell Green attempted to intervene, Washington turned the gun in his direction and fatally shot him. He then fired two additional shots in the direction of his wife and she ran into the house. Washington followed and a struggle ensued between the two for possession of the gun. When he gained the upperhand, his wife jumped to the street through a window. Washington then left the premises and returned to the McFadden automobile still carrying the rifle. He entered the vehicle and it pulled away.

## MANSLAUGHTER CONVICTION

The Commonwealth's position at trial was that even though McFadden was not the actual killer, nonetheless, he counselled, aided or abetted therein, and hence, was criminally responsible for the homicide the same as the principal felon. See the Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105. See also, *Commonwealth v. Coyle*, 415 Pa. 379, 203 A. 2d 782 (1964) ; and, *Commonwealth v. Grays*, 380 Pa. 77, 110 A. 2d 422 (1955). If the trial evidence were sufficient to establish beyond a reasonable doubt that McFadden did "counsel, aid or abet" Washington in the commission of the killing, the Commonwealth's position would

be correct and this particular conviction should be sustained. However, we are not so convinced.

To aid or abet in the commission of a crime, one must be an active partner in the intent to commit it. *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75 (1937); and, *Commonwealth v. Jackson,* 187 Pa. Superior Ct. 2, 144 A. 2d 249 (1958). Therefore, to convict McFadden as an aide or abettor in the killing, it was necessary for the Commonwealth to establish beyond a reasonable doubt that he was an active partner in Washington's lethal purpose. This is the deficiency in the Commonwealth's case.

There was no direct evidence to establish the rifle was transported to the death scene in the McFadden automobile or that McFadden knew of its presence in his vehicle. But, assuming these are reasonable inferences from the proof, they are not sufficient in our view to establish McFadden knew Washington intended violence or that he joined in such an intent. Such conclusions depend too much on conjecture and a criminal conviction based wholly on inference, suspicion and conjecture may not stand. See *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970); and, *Commonwealth v. Bausewine,* 354 Pa. 35, 46 A. 2d 491 (1946).

ACCESSORY AFTER THE FACT CONVICTION

If one knows another has committed a felony and in any manner aids him to escape arrest he is guilty of being an accessory after the fact. Cf. *Commonwealth v. Clark,* 200 Pa. Superior Ct. 361, 189 A. 2d 321 (1963). One may be an accessory after the fact to murder and yet not be guilty as a principal: *Commonwealth v. Thomas,* 357 Pa. 68, 53 A. 2d 112 (1947).

As related before, the evidence established three rifle shots were fired in a residential area when McFadden was only 155 feet away. Within minutes,

Washington openly carrying a rifle, entered an automobile operated by McFadden and was driven from the area. While circumstantial, this evidence was sufficient to warrant a finding by the jury that McFadden knew a felony had been committed and then assisted the felon to escape.

The judgment imposed on the manslaughter conviction is reversed. The order suspending sentence on the accessory after the fact conviction is affirmed.

Mr. Chief Justice JONES dissents to the order reversing the judgment imposed on the manslaughter conviction and is of the view the evidence to sustain this conviction was sufficient.

Mr. Justice POMEROY took no part in the consideration or decision of this case.