Opinion by
Packel, J.,
The defendant, tried with three others, was alone found guilty of aggravated robbery and conspiracy. He contends, first, that the court below should have suppressed evidence obtained incident to an unlawful arrest and, second, that the evidence was insufficient for either conviction.
The undisputed evidence was that a woman’s pocketbook was taken from her person by an unidentified individual. Shortly thereafter police officers, patrolling 12 blocks away and unaware of the incident, halted an automobile that they observed being driven without lights and in a reckless manner. The defendant was *337 sitting next to the operator. Two men were in the back seat. While checking Avhether the car was stolen, the police noticed a woman’s pocketbook lying on the front seat at a place between where the driver and the appellant had been sitting. After the four men alighted from the car the defendant suddenly ran away. He was caught and brought back by another policeman. The four were taken to a police station. An examination there of the woman’s pocketbook revealed that it had been stolen.
At the trial one co-defendant testified for the Commonwealth. He stated that the appellant was a hitchhiker who had entered the car a short time before it was stopped by the police. He also testified that he and his two friends had been riding for 45 minutes prior to picking up the appellant and that they were not involved in the taking of the purse. The indictments against this co-defendant and another co-defendant were nol prossed and a verdict of not guilty was directed by the court as to the third co-defendant.
I. Validity of the Arrest
The theme of the Fourth Amendment is the protection of privacy from unwarranted intrusion by those clothed with governmental powers. This important public policy is starkly underscored by the observation of the Supreme Court in Henry v. United States, 361 U.S. 98, 104 (1959), that: “An arrest is not justified by what a subsequent search discloses. Under our system suspicion is not enough for an officer to lay hands on a citizen. It is better, so the Fourth Amendment teaches, that the guilty sometimes go free than that citizens be subject to easy arrest.”
At the suppression hearing the arresting officer candidly explained Avhy he took the man into custody. An *338 analysis of Ms reasons and of the facts demonstrates that there was probable cause for the arrest. First, while the defendant was aware that the police were checMng whether the car was stolen, he ran away. The other defendants appeared to the officers to be maMng a move to get away. Second, when the four men got out of the car, a woman’s pocketbook, not claimed by any of them, was left on the front seat.
It is settled that such factors as flight or concealment will not of themselves generate sufficient reasonable cause for arrest in cases where there is little or no independent probability that a crime has been committed, ALI, Model Code of Pre-Arraignment Procedure, §120.1 comment 6, p. 136 (Proposed Official Draft No. 1, 1972). Thus in the recent case of Commonwealth, v. Santiago, 220 Pa. Superior Ct. 111, 114-15, 283 A. 2d 709, 711 (1971), this Court, per Jacobs, J., quoted with approval from United States v. Margeson, 259 F. Sup. 256, 265 (E.D. Pa. 1966), and held that: “Flight, coupled with other factors, such as the knowledge of the defendant’s prior criminal record or the sight of contraband or screams for help or reliable information that defendant had attempted to commit or had committed a crime, may be strong indication that there is something that those fleeing wish to hide from the police and may constitute probable cause for arrest. . . . However, flight, in and of itself, is not sufficient to constitute probable cause for otherwise anyone, who does not desire to talk to the police and who either walks or runs away from them would always be subject to a legal arrest.” The flight in the instant case was coupled with an ongoing search of whether the car was stolen and with the additional fact that a woman’s pocketbook was left on the seat and not claimed by any of the four men. Therefore, there was probable cause for the arrest.
*339 II. Sufficiency of the Evidence
The conviction of only the appellant raises a similar issue as to each of the two charges. The conspiracy charge manifestly required px-oof of the existence of one or more co-conspirators. The aggravated robbery indictment charged that the defendant committed the robbery “together with other persons.”[1]
Even viewing the evidence in the light most favorable to the Commonwealth, as we must, the record does not faintly suggest an inference of the essential element of participation by two or more persons, Commonwealth v. Neff, 407 Pa. 1, 179 A. 2d 630 (1962); Commonwealth v. Santana, 216 Pa. Superior Ct. 183, 264 A. 2d 724 (1970). Significantly, the prosecution stipulated that the robbery was committed by one man. Additionally, the Commonwealth’s own witness — the husband of the auto’s owner — testified without contradiction that he and his two companions had no prior acquaintance or association with the appellant, a hitchhiker. That he was in the company of three men shortly after the robbery was committed could not, of itself, warrant the conclusion that the appellant and at least one other joined together to perpetrate the crime. The trial judge himself said “. . . according to the evidence Mr. Guadalupe and Mr. Wilson and Mr. Dizzley didn’t have anything to do with snatching a purse.” Accordingly, the evidence was insufficient to sustain the charges of aggravated robbery and conspiracy.
Aggravated robbery includes the offense of robbery. There can be no doubt but that the evidence in the case was sufficient to support the finding of robbery because *340 of the purse snatching.[2] A person acquitted of a charge can be found guilty of an included offense. Commonwealth v. Soudani, 398 Pa. 546, 159 A. 2d 687 (1960); Commonwealth v. Broion, 184 Pa. Superior Ct. 494, 136 A. 2d 138 (1957) ; Commonwealth v. Nace, 222 Pa. Superior Ct. 329, 295 A. 2d 87 (1972).
The judgments of sentence are reversed and the case remanded to the court below with direction to enter a conviction of robbery, and to impose sentence thereon.
Wright, P. J., Watkins and Cercone, JJ., would affirm the judgments on the opinion of Judge Joseph L. McGlynn, Jr. in the court below.

 Aggravated robbery in contrast to robbery requires the additional element of (1) “being armed,” (2) “together with one or more I>erson or persons,” or (3) “does violence.” 18 P.S. §4705.

 “Whoever . . . steals any property from the person of another” is guilty of robbery. 18 P.S. §4704. Therefore, there is no need to consider the split of authority in other jurisdictions as to whether purse snatching involves such “force, violence or putting in fear” as is stated to be essential to constitute common law robbery. See 2 Anderson. Wharton’s Criminal Law and Procedure, §561 (1957).