Commonwealth *v.* Taylor, Appellant.

Submitted March 19, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
SPAETH, JJ.

*Kenneth Mirsky* and *Jonathan Miller,* Assistant De-
fenders, and *Vincent J. Ziccardi,* Defender, for appel-
lant.

*Norris E. Gelman, Milton M. Stein,* and *James T.
Ranney,* Assistant District Attorneys, *Richard A.
Sprague,* First Assistant District Attorney, and *Arlen
Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that there was insufficient evi-
dence to convict him of aggravated robbery. He al-
leges, in the alternative, that the judge erred in charg-
ing the jury.

This case involves a purse snatching. On March 12,
1971, appellant and his friend, a man called Booney,
followed Elizabeth Bailey into a check-cashing agency.
Mrs. Bailey cashed her check, and appellant asked the
cashier for change for a quarter. The woman next
walked to a nearby five-and-dime store. When she came
out of the store, appellant and Booney were waiting
on the corner. She had just passed by them on her way
home, when appellant walked up behind her, grabbed

her purse, and ran away. In the process, Mrs. Bailey was spun around and knocked to the ground. She testified that Booney, who also fled after the robbery, took no part in the actual snatching of the purse.

A robbery is aggravated if any one of the following three elements is present: (1) an offensive weapon is used, (2) the robbery is committed by two or more persons, or (3) the victim is ill-used or subjected to violence. Act of June 24, 1939, P. L. 872, §705 (Repealed December 6, 1972, P. L.      , No. 334, §5, eff. 6 months from date of final enactment) (18 P.S. §4705).

Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Johnston,* 438 Pa. 485, 488, 263 A. 2d 376 (1970), we find that sufficient evidence was presented to convict appellant of aggravated robbery and that the lower court correctly denied appellant's motion for a directed verdict. As the lower court judge noted in overruling appellant's demurrer at trial, there was strong evidence that Mrs. Bailey was "ill-used, under the terms of the statute." The act of spinning her around and throwing her to the ground clearly subjected her to violence. In addition, evidence was presented from which a jury might find that the robbery was committed by more than one person, which, as was noted above, is an additional and independent element of the offense. Appellant and Booney both followed Mrs. Bailey into the check-cashing agency. They left the agency together and were standing on the corner together when Mrs. Bailey emerged from the five-and-dime store. After the pocketbook was grabbed, they ran off together, one behind the other. The circumstances strongly indicate that the men were acting in concert.

Although no objection was made to the judge's charge to the jury, appellant now contends that the judge utilized a proscribed *Allen*-type charge and gave an erroneous reasonable doubt instruction. The Penn-

sylvania Supreme Court has held innumerable times that "appellant's failure to take a specific exception to this portion of the charge . . . forecloses our consideration of this issue on appeal." *Commonwealth v. Jennings,* 442 Pa. 18, 24, 274 A. 2d 767 (1971). We have, nonetheless examined the judge's instructions to the jury and we find no error.

The judgment of sentence is affirmed.

————

DISSENTING OPINION BY SPAETH, J.:

Appellant, convicted by a jury of aggravated robbery, argues in the alternative: either a new trial should be awarded, or the conviction should be set aside for insufficient evidence and the record remanded with a directive to the court below to enter a conviction of simple robbery and to impose sentence accordingly.

The argument in support of a new trial will not be considered, for counsel did not call to the attention of the trial judge the portions of the charge he now claims were error; and if there was error, it was not fundamental. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A. 2d 114 (1972); *Commonwealth v. Bittner,* 441 Pa. 216, 272 A. 2d 484 (1971). The argument in support of remand, however, will be considered, for counsel demurred to the Commonwealth's evidence, and moved for a directed verdict on the aggravated robbery charge, asking the trial judge "[to] let the jury go out on a simple robbery charge".

The only eyewitness called by the Commonwealth was the complaining witness. She testified that after she had walked past two men standing on a street corner, one of them, who she said was appellant, ran up behind her, spun her around, grabbed her purse, and ran away, with the other man running after him. When asked, "Just one person touched you?", she replied, "Just one person did that . . . ." When asked, "What did you see [the other man] do?", she replied, "I didn't

see [him] do anything", adding, "He ran behind this one [appellant]." There was no testimony to any communication between the two men, either before or after the robbery, suggestive of a common plan.

This testimony was insufficient to show that the robbery was aggravated as having been committed by more than one person. *Commonwealth v. Thomas,* 450 Pa. 125, 299 A. 2d 226 (1973), and *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966). A robbery will also be aggravated, however, if the person committing it "beats, strikes, or ill-uses" his victim. Act of June 24, 1939, P. L. 872, §705, 18 P.S. §4705. Accordingly, the testimony must be examined to see if it was sufficient to show this sort of aggravation.

When the victim of the robbery was asked on direct examination what had happened to her, she replied, "When I went down the street, he ran in back of me, and he pulled me around like this, and grabbed the pocketbook. (Indicating.)" What she indicated, however, was not made of record. On cross-examination, she said, "Grabbed my pocketbook like this, and threw me around like that. (Indicating.)" Again, what she indicated was not made of record. Also on cross-examination, she was asked, "And you say the one person grabbed you and spun you around?", to which she replied, "Yes".

This testimony was likewise insufficient to prove an aggravated robbery. At least so far as we can tell from the record, it showed no more than a "forcible taking", which is a required element of any robbery. *Commonwealth v. Ray,* 177 Pa. Superior Ct. 154, 159, 110 A. 2d 764, 766 (1955).

In addition, however, appellant testified. After identifying the man with him as someone he knew only as "Booney", appellant testified as follows: "THE COURT: He told you what? THE WITNESS: That he [Booney] would see me later. At that particular time

he ran and snatched Mrs. Bailey's purse. And at that same particular time she got up. He had grabbed her purse and knocked her down, and she got up and asked me did I know who the individual was. I replied that I didn't, but I would see if I could get her purse back. As she ran down toward 30th Street, I stopped at 30th Street, I didn't see which direction he had went. I turned around and didn't see Mrs. Bailey, so I went in my house."

This testimony, when taken with the victim's (on rebuttal she denied that appellant had told her he would help her get her purse back), was sufficient to support a conviction of robbery, aggravated by ill-use. *Commonwealth v. Reilly*, 200 Pa. Superior Ct. 461, 190 A. 2d 164 (1963). A jury may accept none, some, or all of a witness's testimony, *Commonwealth v. Steele*, 362 Pa. 427, 66 A. 2d 825 (1949), and in deciding that view the jury did take of the evidence we must adopt that view most favorable to the Commonwealth, *Commonwealth v. Negri*, 414 Pa. 21, 198 A. 2d 595 (1964). This conclusion, however, does not complete the consideration of appellant's motion for remand.

In instructing the jury, the trial judge told them that if they decided that there had been a robbery, they should find it was aggravated if it was perpetrated by two persons acting together or by one person who beat, ill-used, or was violent with the victim. Consequently, we have no way of knowing whether the jury's verdict that the robbery was aggravated was based on a finding that it was perpetrated by two persons, for which there was insufficient evidence, or by one person who used violence, for which there was sufficient evidence. In these circumstances, the conviction for aggravated robbery should be vacated, as in *Commonwealth v. Field*, 223 Pa. Superior Ct. 258, 298 A. 2d 908 (1972). (In this connection it may be observed that the careful practitioner would have specifically preserved the point

by objecting to the alternative charge. However, when the trial judge denied the demurrer and the motion for directed verdict, it was not unreasonable for counsel to conclude that the judge had decided that there was sufficient evidence to support an alternative charge, and that therefore objection after the charge was unnecessary.)

It is not necessry, however, to grant a new trial. Rather, we need only remand the record to the court below so that it may enter a conviction for simple robbery and reconsider its sentence accordingly. The same result was reached in *Commonwealth v. Mitchell*, 222 Pa. Superior Ct. 335, 295 A. 2d 90 (1972). There the defendant had been convicted of conspiracy and aggravated robbery but this court, WRIGHT, P. J., and WATKINS and CERCONE, JJ., dissenting, set aside the convictions and remanded to the court below with directions to enter a conviction of robbery and to impose sentence thereon. Conviction of the conspiracy charge required proof that there had been one or more conspirators; and conviction of the aggravated robbery charge as pleaded in the indictment required proof that the defendant had committed the robbery "together with other persons". However, "[e]ven viewing the evidence in the light most favorable to the Commonwealth, . . . the record [did] not faintly suggest an inference of the essential participation by two or more persons . . . ." *Id.* at 339, 295 A. 2d at 93. Similarly, the evidence in the present case was sufficient to show that there had been a robbery, and the jury must have found appellant guilty of the robbery, for it was instructed not to consider whether the robbery was aggravated unless it first made that finding.

The judgment of sentence, therefore, should be vacated and the record remanded with directions to the court below to enter a conviction of robbery and to reconsider the sentence accordingly.