Commonwealth *v.* Sanders, Appellant.

Argued March 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Drew Salaman*, Assistant Defender, with him *Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Louis A. Perez, Jr.*, Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein*, As-

sistant District Attorneys, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., November 16, 1973:

The evidence presented in this non-jury case is not sufficient to support a conviction of larceny. The verdict is vacated and the matter remanded for sentencing on the charge of attempted larceny.

The Commonwealth's principal witness was the arresting officer. His testimony may be summarized as follows: On August 24, 1967, appellant and another man approached a parked car, which the officer had been watching because it had been reported as having been stolen. The appellant got into the car behind the steering wheel. The other man went under the hood with a length of wire and a pair of pliers, whereupon the officer went over to the car. The officer stated that "he believed" that the car had been started before he went over to it; he was sure that it had not been moved. When the men failed to produce an owner's card or driver's license, he placed them under arrest. The only other prosecution witness was the owner of the car. He stated that his wife was the possessor of the car, and that in a telephone conversation she told him she had returned from a church picnic, and, finding the car missing, had called to ask if he had it.

The trial judge rested his verdict of guilty of larceny on the ground that appellant's evidence* failed to rebut the inference that one in possession of recently stolen goods has stolen the goods. *See Commonwealth v. Dock,* 146 Pa. Superior Ct. 16, 21, A. 2d 429 (1941). However, the record contains no evidence that the car was recently stolen. The officer testified that he "[did not]

---

* Appellant testified that he and the man with him had been told by the attendant of the gasoline station in front of which the car was parked that they could look at the car.

have the exact date" when the car was stolen. There was no evidence of when the car was reported to the police as having been stolen. The owner of the car said he did not know when he had last had the car; and in his testimony as to what his wife had said (although hearsay, there was no objection) he gave no dates. Though it is possible to establish a non-consensual taking or theft without the possessor's testimony, *Arizona v. Butler,* 82 Ariz. 25, 307 P. 2d 916 (1957); Wigmore on Evidence, Vol. III, 3d ed., §2089 (1940), there is no circumstantial evidence here that makes up for the failure of the wife to testify.

The Commonwealth in its submission to the court has stated that "appellant's conviction does not rest on such evidence [of possession of recently stolen goods] and there is no cause for the operation of that doctrine. Rather, appellant's guilt is based on the fact that he and another were attempting to 'jump' an automobile with wires and which they admittedly [sic] had no right whatsoever to drive or to start." Assuming that the trial judge's statement of why he convicted appellant may thus be ignored, even so the evidence is insufficient.

At the time of trial, larceny was defined in Pennsylvania (as it was at common law) as the taking and carrying away of the personal property of another with an intent to deprive the possessor of the goods permanently. *Hilliard Lumber Co. v. Harleysville,* 175 Pa. Superior Ct. 94, 103 A. 2d 436 (1954); *Commonwealth v. Nace,* 222 Pa. Superior Ct. 329, 295 A. 2d 87 (1972). The element of asportation thus required may be proved by evidence of the slightest movement of the property. *See People v. White,* 71 Cal. App. 2d 524, 162 P. 2d 862 (1945) (car pushed 20 feet from spot where parked, sufficient asportation); *State v. Madden,* 137 Minn. 249, 163 N.W. 507 (1917) (car runs onto curb 150 feet from parking place).

"To complete the crime of larceny, it is not sufficient that the defendant had the control of the article—that is, had the power to remove it,—but there must be an asportation of the things alleged to have been stolen. It is true a very slight asportation will be deemed sufficient; yet there must be some removal to complete the offense." *State v. Alexander,* 74 N.C. 232, 233 (1876). Since appellant and his companion did not move the car before they were apprehended, there was no asportation; accordingly, even though they started the car and had the ability to move it, the conviction of larceny should not be permitted to stand.

There is, however, sufficient evidence to support a conviction of attempted larceny. *See State v. Olson,* 59 Ut. 549, 205 P. 337 (1922) (one defendant behind the wheel, second under the hood with part needed to start car; only attempted larceny as there was no asportation) ; *Commonwealth v. Kozolowsky,* 238 Mass. 379, 131 N.E. 207 (1921). An "attempt" is "an act done in pursuance of an intent to do a specific thing, tending to that end, but falling short of complete accomplishment of it." *Commonwealth v. Eagan,* 190 Pa. 10, 21 (1899). It is evident from the verdict that the trial judge found that appellant and his companion had the intent to steal the car. This finding is supported by the evidence; indeed, if appellant's testimony is rejected—and the trial judge did reject it—the finding is virtually compelled. Appellant's possession of the car and his companion's activities under the hood were acts done in pursuance of their intent to steal the car. The verdict is therefore vacated and the court below directed to enter a conviction of attempted larceny and to reconsider its sentence accordingly. *Commonwealth v. Brown,* 184 Pa. Superior Ct. 494, 136 A. 2d 138 (1957) ; *Commonwealth v. Mitchell,* 222 Pa. Superior Ct. 335, 295 A. 2d 90 (1972) (allocatur pending) ; *Common-*

436

*wealth v. Taylor,* 225 Pa. Superior Ct. 142, 310 A. 2d 320 (1973) (SPAETH, J., dissenting).

WRIGHT, P. J., would affirm on the opinion of the court below.