## Commonwealth *v.* Miller, Appellant.

Submitted December 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

The instant appeal arises from the lower court's finding the defendant guilty of simple robbery. Defendant contends that the evidence was insufficient to support the verdict. We disagree.

The facts of the case, read in the light most favorable to the Commonwealth, are as follows: During the morning of September 4, 1971, one officer McNamara had stopped his private car for a red light, when he observed a black male approach the victim from behind, spin her around and snatch her purse. He followed the flight of the culprit, and saw him enter the passenger side of a waiting vehicle which was double parked just around the corner from the scene of the crime. The officer noted the year, make, model, color and license number of the "getaway car," and followed it onto the expressway where he lost it in traffic. During the course of following the car in which the assailant was riding, Officer McNamara had two opportunities to get a good look at the driver's face. These opportunities provided the basis for the Officer's in-court identification of the defendant as the driver of the car. The defendant was apprehended as a result of the police trac-

ing the registration of the car described by Officer McNamara. The purse-snatcher, himself, has never been apprehended.

Defendant asserts that on the basis of the case of *Commonwealth v. Bailey*, 448 Pa. 224 (1972), he should be exonerated from guilt. While *Bailey* is similar to the instant case in that the trial resulted in the conviction of Bailey on the theory that he acted as the "getaway" driver, and therefore was an accessory before the fact, that case differs from the case now under consideration in several material aspects.

In *Bailey*, supra, the defendant Bailey was seen driving a car in which the thief was a passenger *a few minutes after the theft*. Although Bailey in that case drove off when an employee of the victimized company approached, there was no other evidence to establish that Bailey knew the crime had occurred or that he had been waiting for the thief. In *Bailey*, the Supreme Court in reversing the conviction said: "There was no proof brought forth which established Bailey was aware the crime had been committed, or that he was aware the man in the back seat had committed the crime. The record does not support the conclusion the stolen property was in the car, or Bailey ever saw the man seated in the back seat in possession of the stolen property."

In the instant case, however, all these facts are readily inferable from the testimony of the off-duty police officer who saw the crime being committed. He observed a black male come up behind the complainant, spin her around, knock her down, and run off with her pocketbook. He saw this man run straight for defendant's car which was less than one block in distance from the scene of the purse snatching, and was double parked with defendant behind the wheel and another passenger in the rear seat. The unidentified thief jumped in on the passenger side, whereupon defendant drove away.

Here, unlike *Bailey* there was no break in the chain of events observed by the police officer, both in time or proximity from the scene of the crime.[1] To apply Bailey herein in an effort to discharge the defendant is tantamount to holding that a defendant may not be convicted solely upon circumstantial evidence.[2]

Judgment of sentence of the court below is affirmed.

---

[1] In *Bailey*, it was only shown that the defendant was seen in the company of the alleged felon, in *the vicinity* of the crime, and *at a later time.*

[2] See, e.g., *Commonwealth v. Cimaszewski*, 447 Pa. 141 (1972); *Commonwealth v. Sullivan*, 445 Pa. 616 (1971); *Commonwealth v. Slavik*, 437 Pa. 354 (1970); *Commonwealth v. Thomas*, 429 Pa. 227 (1968). See also *Commonwealth v. Bailey*, 448 Pa. 224, 227 (1972), where the Court expressly noted that this long-standing principle was not disturbed by their holding therein.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the Commonwealth's evidence is insufficient to convict him of simple robbery.

The record read in the light most favorable to the Commonwealth discloses the following pertinent facts: Officer Michael McNamara testified that on September 4, 1971 around 8:10 A.M. he was driving his private car and was stopped at a red light at Lindley Avenue and Windrim Avenue after coming off his night tour of duty. He observed a Black male come up behind the complainant, spin her around, knock her down, and run off with her pocketbook. He followed the man in his car and saw him get into the passenger side of a 1966 Buick Skylark Convertible, black top with blue bottom, bearing the Pennsylvania 1971 License number 757275, which was double parked about a quarter of the way down the block, on 13th Street, from Lindley, in the middle of the street.

Officer McNamara followed directly behind the car for about six or seven minutes until he lost it on the

Expressway. During this period of time the driver of the Buick turned twice to look in the direction of Officer McNamara and both times McNamara testified he got a good look at the driver.[1] After tracing the registration information with Harrisburg, the police obtained a search warrant and the appellant was arrested on September 13, 1971. The alleged purse-snatcher was never apprehended.

"To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt. Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." *Commonwealth v. Bailey,* 448 Pa. 224, 227, 292 A. 2d 345 (1972). In the *Bailey* case,[2] supra, which is strikingly similar to the instant case, our Supreme Court felt that there was insufficient evidence to convict Bailey of being an accessory before the fact. The court further stated that as far as being an accessory after the fact, the most that the Commonwealth established was that Bailey was in the vicinity of the crime and in the company of the alleged felon

---

[1] Officer McNamara observed the driver from a 90 degree angle and for a total of 2 to 3 seconds both times. His descriptions were as follows: "It was a slender man. He had a goatee and a mustache, and was completely bald. Looked like a Mr. Kleen so to speak." Officer McNamara was also able to make an in-court identification, although in court the appellant was no longer bald and had shaved off his goatee.

[2] The facts of the case were: A larceny was committed by an unknown party; a few minutes after the crime the appellant, Bailey, was seen in the company of the alleged thief, but the stolen property was not seen; when the alleged thief was asked to get out of the car, which Bailey was driving, Bailey drove off without responding, subsequently, Bailey was arrested and the vehicle searched, but the thief and property were never located.

after the crime. There was no proof brought forth which established Bailey was aware the crime had been committed, or that he was aware the man in the back seat had committed the crime. Id. at 228. Following the precepts of *Bailey,* the Commonwealth, in the instant case, has not proved beyond a reasonable doubt that the appellant was involved in any capacity in criminal activity.[3]

The judgment of sentence of the lower court should be reversed, appellant's conviction vacated, and appellant discharged.

---

[3] Our Supreme Court has rejected the proposition that the presence at the scene of the crime in the company of the alleged conspirators is by itself sufficient to sustain a conviction. *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966).