361 A.2d 701

COMMONWEALTH of Pennsylvania

v.

James FARMER, also known as Thomas Farmer, Appellant.

Superior Court of Pennsylvania.

June 28, 1976.

374

Joseph N. Bongiovanni, III, Philadelphia (Court-appointed), for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., David F. Michelman, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On November 7, 1974, Miss Vanselle Hopson was standing on a street corner in Philadelphia with an uncle and a brother, waiting for a bus, when two men approached her unobserved. One of the men, appellant Thomas Farmer, grabbed Miss Hopson's pocketbook and punched her in the face, and the two men then dashed across the street in front of a passing car. Miss Hopson's brother chased and caught one of the thieves, and the other, appellant, was soon apprehended by the police. Appellant was tried on March 24, 1975 before a judge sitting without a jury, was found guilty of simple assault, robbery, and criminal conspiracy, and was sentenced to a term of six months to one year imprisonment on the robbery conviction. The only issue before our Court is whether sufficient evidence was presented to convict appellant of robbery.

§ 370. [1] of the new Crimes Code defines robbery as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(iii) commits or threatens immediately to commit any felony of the first or second degree.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.
Appellant grabbed Miss Hopson's pocketbook and punch-

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 3701(a).

ed her in the face. An accomplice was present who could very easily, if necessary, have joined appellant in applying force to separate the victim from her handbag. Although the woman did not testify specifically that appellant had verbally threatened her, the trial judge reasonably concluded that, under the circumstances, the victim had been threatened by appellant's *actions* and had been placed in fear of immediate serious bodily injury. In addition, the lower court justifiably concluded that appellant possessed the *intent* to place his victim in fear of such injury, since intent can, and in most cases necessarily must, be inferred from the circumstances, *Commonwealth v. White*, 229 Pa.Super. 280, 323 A.2d 757 (1974), and since a punch to the face can easily cause serious injury or even death. Sound public policy dictates our construction of 18 Pa.C.S. § 3701 to include within the scope of "robbery" a situation such as was created in this case, in which two men undertake to forcibly steal an object from the person of an intended victim, and in the process punch that person in the face.

Judgment affirmed.

SPAETH, J., files a dissenting opinion, in which CERCONE, J., joins.

SPAETH, Judge (dissenting):

Appellant was charged with the crimes of robbery, simple assault, and criminal conspiracy. He was tried before a judge sitting without a jury, and was found guilty of all charges. Following the denial of appellant's oral post-verdict motions, which were made in accordance with Pa.R.Crim.P. 1123(b),[1] he was sentenced to six months to one year on the robbery charge and given suspended sentences on the remaining charges.

---

1. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), which served notice that compliance with Rule 1123(a)'s requirement of written post-verdict motions would henceforth be required, is not applicable here, since appellant's motions were made in compliance with Rule 1123(b), which states in pertinent part: "If

Appellant contends on this appeal that the evidence was insufficient to sustain the robbery conviction. In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth, and give the Commonwealth the benefit of all reasonable inferences arising from the evidence. *Commonwealth v. McFadden*, 448 Pa. 146, 292 A.2d 358 (1972); *Commonwealth v. Alexander*, 237 Pa.Super. 111, 346 A.2d 319 (1975). After so viewing the evidence, I agree with appellant that it was insufficient to sustain the robbery conviction.

Briefly stated, the facts reveal that on the evening of November 7, 1974, Vanselle Hopson, her uncle and her brother, were standing near 20th and Master Streets in Philadelphia waiting for a bus. Two men (one of them appellant) approached Hopson either from her left side or from behind her; appellant snatched her purse and hit her in the face; and both men ran across the street.

Under prior law a purse snatching constituted robbery. *Commonwealth v. Miller*, 229 Pa.Super. 123, 323 A.2d 782 (1974); *Commonwealth v. Taylor*, 225 Pa.Super. 142, 310 A.2d 320 (1973). Since The 1939 Penal Code[2] did not define the offense of robbery, the courts relied on the common law definition[3] of the crime, as "the felonious and forcible taking of goods or money to any value from the person of another by violence of putting in fear." *Commonwealth v. Ray*, 177 Pa.Super. 154, 159, 110 A.2d 764, 766 (1955). Any degree of violence would suffice. *Commonwealth v. Snelling*, 4 Binn. 379 (1812) (watch taken with so little violence victim did not know it was taken). In practice common law robbery was often re-

the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. . . . "

2. Act of June 24, 1939, P.L. 872, §§ 704, 705, 18 P.S. §§ 4704, 4705.

3. *Commonwealth v. Darcy*, 362 Pa. 259, 66 A.2d 663 (1949), *cert. den.*, 338 U.S. 862, 70 S.Ct. 96, 94 L.Ed. 528.

ferred to as "simple robbery;" the maximum punishment was a fine of $5,000, or 10 years imprisonment, or both.[4] "Aggravated robbery" was when the robbery was done "with an offensive weapon or instrument . . . or, together with one or more person or persons . . . or [the robber] . . . beats, strikes, or ill-uses any person, or does violence to such person . . . ."; the maximum punishment was then a fine of $10,000, or 20 years imprisonment, or both.[5]

The Crimes Code of 1972, however, statutorily defines robbery in a manner significantly different than did the common law:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(iii) commits or threatens immediately to commit any felony of the first or second degree.[6]

Thus, the requirement of "serious bodily injury" has replaced the former requirement of force, no matter how slight. K. Jarvis, *Pennsylvania Crimes Code and Criminal Law*, § 3701 (1974); S. Toll, *Pennsylvania Crimes Code Annotated*, § 3701, Comment of Joint State Government Commission (1974). Without "serious bodily injury," the threat of it, or the intentionally caused fear of it, the unlawful taking is not robbery, but theft. S. Toll, *supra.*

Although "serious bodily injury" is not defined in the Preliminary Provisions [7] of the Code or in Article C,

4. Act of June 24, 1939, *supra*, § 4704, 18 P.S. § 4704.

5. *Id.*, § 4705, 18 P.S. § 4705.

6. Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 C.P.S.A. § 3701(a)(1).

7. *Id.*, §§ 1101–1105.

Offenses Against Property,[8] where the definition of robbery appears, it is defined in § 2301 of Article B, Offenses Involving Danger to the Person.[9] Since no other definition appears in the Code, it is logical to infer that the legislature intended that definition to be used consistently throughout the Code, including the robbery provision. "Serious bodily injury" is defined in Article B as:

> Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Had the legislature intended to retain the common law requirement of any force, no matter how slight, it could have said so. The legislature might also have used the less severe term, "bodily injury", also defined in § 2301: "Impairment of physical condition or substantial pain." The legislature did in fact use the term "bodily injury" in its definition of theft by extortion, § 3923, where it said:

> (a) . . . A person is guilty of theft if he intentionally obtains or withholds property of another by threatening to:
>
> (1) inflict bodily injury on anyone or commit another criminal offense; . . .

Thus, by use of the specifically defined terms "bodily injury" and "serious bodily injury," the legislature has differentiated offenses against property according to the seriousness of the harm done or threatened,[10] and has abrogated the common law concept of considering all

8. *Id.*, §§ 3301–4116.

9. *Id.*, §§ 2301–3127.

10. A similar distinction was made in defining assault crimes. *Id.*, §§ 2701 and 2702. *See, Commonwealth v. Alexander*, 237 Pa. Super. 111, 346 A.2d 319, 321 (1975) (dissenting opinion by Spaeth, J.).

forceful theft (including purse snatching) as robbery.[11]
This is consistent with one of the stated purposes of the
Crimes Code: "To differentiate on reasonable grounds
between serious and minor offenses . . . ." 18
C.P.S.A. § 104(5).

Legislative intent to alter the common law is further
revealed in the increase in maximum penalty for the of-
fense. As noted above, under the 1939 Penal Code, the
maximum sentence for a common law, or "simple," rob-
bery, committed with minimal force, was ten years.[12]
Under the Crimes Code, the maximum sentence for a
robbery, defined as requiring "serious bodily injury," is
twenty years.[13] Thus, "robbery" under the Crimes Code
is punishable as "aggravated robbery" was under the
1939 Penal Code.[14]

In light of this statutory change, the issue in this case
becomes whether the evidence shows that appellant "in-
flict[ed] serious bodily injury" upon Hopson, "threaten-
[ed]" her with it, or "intentionally [put her] in fear"
of it.

The testimony presented by the Commonwealth on this
issue was clearly inadequate. Hopson herself made only
passing references to the force used. She stated once
that "another one came up from behind me, hit me in my
face"; and she answered "Yes" to questions as to wheth-
er she had been "punched." The only other witness in

11. There is no single section in the Crimes Code that deals with
the situation where "bodily injury" is inflicted in the course of
committing a theft. This may be the result of legislative over-
sight, or it may be that the legislature intended such a situation
to be covered by use of two sections: theft (§ 3921) and simple
assault (§ 2701).

12. *See* footnote 4, *supra.*

13. The maximum penalty for theft by extortion is five years. 18
C.P.S.A. §§ 3923, 3903(b), 1104. The maximum combined penal-
ties for theft and simple assault would be seven years. 18 C.P.
S.A. §§ 3921, 3903(b), 1104 (theft) and 18 C.P.S.A. §§ 2701, 1104
(simple assault).

14. *See* footnote 5, *supra.*

point was the police officer to whom Hopson had reported the crime. He testified only that she told him "one punched her in the face." There is no evidence that Hopson was seriously injured by the punch. Evidently she did not require or receive medical attention, for she rode with the officer in his patrol car in an effort to locate the assailants. Thus the Commonwealth did not show that "serious bodily injury" was "inflict[ed]".

Nor did the Commonwealth show that Hopson was "threaten[ed]" with such injury or put "in fear" of it. Appellant apparently did not speak to Hopson or make any threatening gestures. Hopson herself testified several times that she did not see the assailants until after the act was committed; she did not say she was put in fear by them.

Since the evidence was insufficient to establish all the required elements of the offense of robbery as it is now defined in the law, I would reverse the judgment of sentence on the robbery charge.

It does not follow, however, that appellant should be discharged. The evidence was ample to show that appellant had committed a theft of movable property, defined in § 3921 of the Code as occurring when "[a] person . . . unlawfully takes . . . movable property of another with intent to deprive him thereof." As has been discussed, under § 3701(a)(1), "[a] person is guilty of robbery if, in the course of committing a theft, he . . . . [etc.]" Thus the offense of robbery includes the lesser offense of theft. A defendant acquitted of robbery may therefore nevertheless be convicted of theft. *Cf. Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973).

I would therefore reverse the judgment of sentence on the robbery charge and remand the record to the lower court with instructions to enter a verdict of guilty of theft and to impose sentence thereon.

CERCONE, J., joins in this opinion.