371 A.2d 898
**COMMONWEALTH of Pennsylvania**
v.
**William R. HALL a/k/a William R. Hill,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided March 31, 1977.

Franklin D. Green, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The sole issue raised in this appeal is the sufficiency of the evidence to sustain appellant's robbery [1] conviction. Being of the opinion that the evidence was sufficient, we affirm.

██ ██ In reviewing the sufficiency of the evidence, we must view the evidence in a light most favorable to the Commonwealth, together with all reasonable inferences therefrom. *Commonwealth v. McFadden,* 448 Pa. 146, 292 A.2d 358 (1972). A review of the evidence in that light establishes the following: On January 25, 1975, Mr. Solomon Johnson was walking down Pomona Street in Philadelphia shortly after 2:00 a. m. when he

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3701(a) (1973).

was accosted by appellant. Appellant struck Mr. Johnson in the head with his hand, knocking Mr. Johnson to the ground. Appellant grabbed Mr. Johnson's coat and pulled it off, then rifled Mr. Johnson's pockets while the victim remained prone on the pavement. Appellant took the coat, three or four dollars, and some papers belonging to Mr. Johnson. As Mr. Johnson was attempting to get to his feet, appellant, who was leaving the scene, turned around and began chasing Mr. Johnson, shouting at him and calling him a "son-of-a-bitch." Notes of Testimony at 6. Mr. Johnson retreated to his home, where his daughter called the police. Appellant was arrested a short time thereafter.

The lower court held that the evidence was sufficient to sustain the robbery conviction under § 3701(a)(1)(ii) of the Crimes Code,[2] which provides that a person is guilty of robbery if he: "(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury." In *Commonwealth v. Alexander*, 237 Pa.Super. 111, 346 A.2d 319 (1975), in sustaining an aggravated assault conviction, this Court recognized the serious consequences likely to ensue from just a single blow to the head area, especially as in this case, where the blow was of sufficient force to knock the victim to the ground, thereby multiplying the possibility of serious harm. This reasoning was once again applied in sustaining a conviction of robbery in *Commonwealth v. Farmer*, 241 Pa.Super. 373, 361 A.2d 701, *allocatur refused*, 241 Pa.Super. XXXV (1976). In that case, we said that when a person forcibly steals an object from another person and in the process punches the victim in the face, we can infer that the assailant had the requisite intent to place his victim in fear of immediate serious bodily harm.

In the case at bar, appellant struck his victim in the head with sufficient force to knock the man to the pavement. The possibilities of serious injury being sustained

2. *Id.*

**400**

from the blow itself or the fall, are obvious. Appellant's act of chasing the victim as Mr. Johnson retreated simply adds weight to the conclusion of the lower court that appellant intended to place Mr. Johnson in fear of immediate serious bodily harm.

Judgment of sentence affirmed.