428 A.2d 977

**COMMONWEALTH of Pennsylvania**

v.

**Thomas L. PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Reargument Denied May 14, 1981.

Petition for Allowance of Appeal Denied June 30, 1981.

Roy Davis, Assistant Public Defender, Drexel Hill, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

PER CURIAM:

Thomas L. Phillips, appellant, was convicted by a jury in the Court of Common Pleas of Delaware County of burglary and criminal attempt–burglary. Post–verdict motions were denied, and judgment of sentence of five to ten months imprisonment was imposed on the burglary conviction. This appeal followed.

Background is necessary. From the record we have determined that, at trial, the Commonwealth established the following:

At approximately 2:25 a.m. on August 16, 1978, Officer Joseph Parko heard a burglar alarm sounding a short distance from where he was parked. He proceeded to the Westbrook Park Pharmacy from where the alarm was sounding and drove to the rear of the pharmacy where he observed an individual from a distance of twenty–five (25) to thirty (30) feet. The individual ran from the officer, and the officer pursued on foot. The officer stopped pursuing after about one–half block, returned to his vehicle, and radioed a description of the individual. The description was a white male, slender build, approximately five foot, six or seven inches tall, long hair, and wearing a dark shirt with light colored numerals "34" on it. As the description was being transmitted, Officer Murphy arrived on the scene. Parko did not observe the individual's face nor anyone else in the vicinity.

Parko searched the pharmacy and determined entry had been made to the rear basement by breaking away an exhaust fan from a window area. This had also set off the burglar alarm. No one was found in the pharmacy.

A short time later, apparently within minutes, Officer Murphy arrived at the pharmacy with a "white male and female in the back seat of the patrol car." Murphy showed Parko a shirt with the number "34" on it, and Parko identified the shirt as one similar to that worn by the person he saw fleeing from the scene earlier.

The defense called Anthony Montagno who testified that he had broken into the pharmacy by pushing the fan and pushing wood away; that, when he did so, the alarm went off; that he saw a car coming and ran to nearby woods where he hid until the next day; that the next night he was arrested for another burglary and was incarcerated; that Phillips did not have any part in the crime; and, that he was so testifying because "he didn't want someone else to hang for something he did."

On cross—examination, Montagno testified that, when he committed the burglary, he was wearing a dark shirt with a name on the front, but without a number "34" on it; that he was a good friend of Phillips; that he did not contact police about the pharmacy burglary after learning Phillips had been arrested for the crime.

On redirect, Montagno identified a written statement admitting commission of the burglary of the pharmacy which he signed before a notary public at the prison on September 21, 1978.

Phillips maintains the trial court erred in denying his motion in arrest of judgment because the trial evidence, was insufficient to warrant the guilty verdict and/or his motion for a new trial should have been granted because of reversible error in the court's charge to the jury. Since we agree the evidence was legally insufficient as a matter of law to establish Phillips' guilt beyond a reasonable doubt, we will limit our discussion to this single assignment of error.

We first note that the record presented to this Court for consideration of this appeal apparently does not include the complete trial testimony. The only evidence in the record before us connecting Phillips with the burglary is the testimony of Officer Parko. Clearly, this is totally inadequate to establish guilt. However, it appears from the written briefs of counsel that additional testimony was offered to show that Officer Murphy accosted Phillips and a female companion about four blocks from the site of the crime within minutes after Officer Parko observed the suspected felon fleeing from the scene. At the time Phillips was bare—chested but had a dark shirt wrapped around his neck which

had the numerals "34" thereon. The officer took Phillips into custody and returned to the crime scene, but Parko could not identify Phillips [1] as the person he saw running away.

Even assuming the testimony of Officer Murphy is properly before us,[2] we are persuaded the evidence is insufficient to establish Phillips' guilt beyond a reasonable doubt. At most, it is sufficient to raise a suspicion of guilt. Mere suspicion is insufficient. Cf. *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. McFadden*, 448 Pa. 146, 292 A.2d 358 (1972).

Judgment reversed, and appellant is ordered discharged.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm the judgment of sentence on the opinion of the learned trial judge, the Honorable Robert F. Kelly.

---

1. It is impossible to ascertain from the records or the briefs anything about Phillips' height, build, or hair.

2. But see *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974).