**In the Matter of the WELFARE OF Guy Gustav HAALAND, Child.**

**No. C4–83–1537.**

Court of Appeals of Minnesota.

March 21, 1984.

Alan W. Roeder, Walker, for appellant child.

Michael T. Milligan, County Atty., Alex Andrea, Asst. County Atty., Walker, for State and Cass Co.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

FOLEY, Judge.

This is a pretrial appeal by a juvenile from a Cass County Juvenile Court order certifying the juvenile for adult prosecution on seven felony charges. The appeal raises the issues of whether the juvenile court erred in determining there was probable cause for the prosecution, and whether appellant was unamenable to treatment in the juvenile court system or that public safety is threatened by proceeding in the juvenile system. We affirm.

*Facts*

On August 13, 1983, a 63-year-old woman was kidnapped, beaten, raped, robbed and left naked and alone in the middle of the night in a secluded wooded area in northern Cass County. She was left without help and no one knew of her whereabouts. Defendant admits that victim was in his car just prior to the alleged assault in the secluded area, but denies committing the offenses.

Defendant was charged with the commission of seven offenses consisting of one count of kidnapping in violation of Minn. Stat. § 609.25 (1982); two counts of criminal sexual conduct in the first degree in violation of Minn.Stat. §§ 609.342(c) & 609.-342(e)(i) (1982); one count of criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344(c) (1982); one count of aggravated robbery in violation of Minn. Stat. § 609.245 (1982); one count of simple robbery in violation of Minn.Stat. § 609.24 (1982); and one count of assault in the third degree in violation of Minn.Stat. § 609.223 (1982).

At the time of these offenses, defendant was 17 years, 9 months old. He had no criminal history.

On the state's motion for an order certifying the juvenile as an adult, the Cass County Court conducted a hearing on September 15, 1983, concerning probable cause for certification. The judge heard testimony regarding the nature of the offense, defendant's amenability to treatment, and the testimony of two police officers, a probation officer, the program director for the Minnesota Department of Corrections at the Minnesota Correctional Facility at Sauk Centre, defendant's mother, father, brother, the victim, and Guy Haaland himself.

The county court's order, September 19, 1983, granted the state's motion for adult prosecution. On October 7, 1983, defendant filed a motion to the Court of Appeals for reversal of the court order on two grounds; (1) that the state failed to establish probable cause pursuant to Minn.Stat.

§ 260.125 (1982), and Rule 32.05, Sub. 1, of the Minnesota Rules for Juvenile Courts, and (2) that the state failed to present a prima facie case pursuant to Minn.Stat. § 260.125, sub. 3 (1982).

### Issues

1. Does the record contain sufficient evidence to support the trial court's finding of probable cause to believe the defendant committed the offenses alleged?

2. Does the record contain sufficient evidence to support the trial court's finding that defendant is not suitable for treatment in the juvenile system?

### Analysis

(1) Minn.Stat. § 260.125 and Minnesota Rules for Juvenile Courts, Rule 32.05 (1983), which are similar, deal with referring juveniles for adult prosecution.

Minnesota Rules for Juvenile Courts, Rule 32.05 (1983) provides:

The court may order a reference only if the court finds probable cause, pursuant to Rule 32.05, Sub. 1, and a demonstration of clear and convincing evidence that the child is not suitable for treatment or the public safety is not served, pursuant to Rule 32.05, Sub. 2.

Sub. 1. Probable Cause. A showing of probable cause to believe the child committed the offense alleged by the delinquency petition shall be made pursuant to Rule 11 of the Minnesota Rules of Criminal Procedure.

Sub. 2. Clear and Convincing. The county attorney shall demonstrate by clear and convincing evidence, that the child is not suitable for treatment or that the public safety is not served under the provisions of the laws relating to juvenile courts.

Under these provisions the state must prove that there is probable cause to believe that acts, which would be crimes if defendant was 18, were committed, and that there is probable cause to believe that defendant is the one who committed them.

■ The juvenile court's finding of probable cause on both grounds is amply supported by the evidence. The victim's testimony, which is corroborated by the testimony of the police officer who visited victim in the hospital the night of the alleged crimes, shows that:

(1) the victim's life was verbally and physically threatened;

(2) victim, 63 years old, was beaten until her nose was broken and her face swelled with bruises;

(3) victim was thrown to the ground repeatedly until she was to the point of unconsciousness;

(4) victim was kicked in her sides after she pleaded with her assailant to stop because she just had surgery and was afraid her stitches would burst;

(5) $800 which was wrapped in a scarf and tied to victim's bra was torn from her by her assailant when he stripped her;

(6) victim was thrown to the ground and brutally raped;

(7) victim was forced to kneel and rapist penetrated her again;

(8) victim was forced to perform fellatio upon assailant;

(9) the location was secluded; and

(10) that victim was left alone and naked in the middle of the night without any help and no one knew where she was.

Circumstantial evidence shows:

(1) that tire tracks discovered at the scene of the alleged crimes matched the tire tread of the car defendant was driving the night of the crimes; and

(2) that victim's scarf and her $800 were found in defendant's car shortly after the alleged crimes.

These facts establish probable cause pursuant to Minn.Stat. § 260.125, subd. 3, and Rule 32.05 to believe the alleged offenses occurred, and that defendant may have committed them.

The trial court's findings are a product of first-hand knowledge and observation of demeanor of parties and witnesses. Therefore, they possess a certain integrity not

contained in the written record alone, and should not be overturned unless clearly erroneous. *Tamarac Inn, Inc. v. City of Long Lake,* 310 N.W.2d 474 (Minn.1981).

▮ Since the juvenile court is vested with broad discretion in determining whether probable cause exists, *In re Welfare of J.B.M.,* 263 N.W.2d 74 (Minn.1978), and its findings will not be disturbed on appeal unless they are "clearly erroneous," *In re Welfare of J.R.D.,* 342 N.W.2d 162, 166 (Minn.App.1984) the trial court's finding must stand.

(2) Under Rule 32.05 only after the state has satisfied the above issue does the clear and convincing burden arise. Thus, the state must prove clearly and convincingly that defendant is either not amenable to treatment in the juvenile system *or* there is a threat to public safety before the court can refer the juvenile for adult prosecution. *State v. Hogan,* 297 Minn. 430, 212 N.W.2d 664 (1973).

Here, the trial court found both statutory alternatives. The evidence shows that there is no program within the juvenile system which defendant could complete before he reaches 19, when the juvenile system loses jurisdiction.

▮ Therefore, the trial court's finding that defendant is not amenable to treatment in the juvenile system was not clearly erroneous.

Since Rule 32.05 is in the disjunctive, discussion of the existence of a threat to public safety is unnecessary. However, because the trial court made findings under both alternatives this brief discussion follows.

▮ In determining if public safety would be threatened, among the relevant factors to be considered are:

(1) the seriousness of the offense in terms of community protection;
(2) the circumstances surrounding the offense;
(3) whether the offense was committed in an aggressive, violent, premeditated, or willful manner;

(4) whether the offense was directed against persons or property;
(5) the reasonably foreseeable consequences of the act; and
(6) the absence of adequate protective and security facilities available to the juvenile treatment system.

*State v. Hogan,* 297 Minn. 430, 438, 212 N.W.2d 664, 669 (1973).

Rule 32.05 codifies this list and adds to it. It recommends that a "totality of the circumstances" be considered in determining whether a prima facie case pursuant to Minn.Stat. § 260.125, subd. 3 (1982), has been made regarding defendant's amenability to treatment in the juvenile system or his threat to public safety.

Minn.Stat. § 260.125, sub. 3 (1980), provides that a prima facie case can be established by simply proving that at the time of the alleged act the juvenile was at least 16 along with one or more additional facts. One such fact is whether the juvenile is charged with an aggravated felony that was committed with particular cruelty or disregard for the safety or life of another. Minn.Stat. § 260.125, sub. 3(1) (1980).

▮ Here, at the time of the alleged acts, defendant was just three months shy of 18 years. The facts previously listed overwhelmingly establish particular cruelty or disregard for the safety of another.

## Decision

The evidence reasonably supports the juvenile court finding that defendant not only was not amenable to treatment in the juvenile system, but treating him within that system would be a danger to public safety.

Affirmed and remanded for trial.