**In the Matter of the WELFARE OF R.W.B., Child.**

No. C2–85–469.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Terri L. Hommerding, Asst. Carlton Co. Atty., Carlton, for respondent.

Thomas Giblin Dunnwald, Indian Legal Assistance Program, Duluth, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a trial court order referring appellant to adult court for prosecution. He was charged with second degree burglary, felony theft, possession of stolen property, transfer of stolen property, and trespassing. Appellant claims the trial court erred in (1) limiting his right to cross-examination, (2) admitting a court-ordered reference study because of its improper focus, (3) admitting testimony concerning a court-ordered psychological study because of its irrelevance, and (4) determining sufficient evidence existed to refer. We affirm.

## FACTS

In November 1984, respondent moved for reference of appellant to adult court for prosecution. On November 28, 1984, the trial court ordered a reference study and a psychological evaluation. The reference study was written by Tom Roy, a unit supervisor with the Carlton County Probation Office. The psychological evaluation was written by Foster Gilliland, a licensed consulting psychologist with the Human Development Center in Cloquet. On December 28, 1984 and January 4, 1985, a reference hearing was held. Appellant was 17 years, 5 months old.

Because appellant did not challenge probable cause, the hearing was limited essentially to appellant's suitability to treatment and public safety pursuant to Minn.Stat. § 260.125, subd. 2(d)(2) (1984). After respondent rested, appellant moved for dismissal, which the trial court denied because of unamenability to treatment.

## ISSUES

1. Did the trial court improperly limit appellant's cross-examination?

2. Did the reference study properly address appellant's amenability to treatment?

3. Was testimony regarding the psychological evaluation relevant?

4. Was there sufficient evidence to support reference?

## ANALYSIS

1. Appellant claims his cross-examination of Foster Gilliland was unduly limited by the trial court. When examining Gilliland, appellant made specific reference to the psychological report. The court sustained respondent's objection that the report had not been identified or introduced.

Appellant correctly claims an author may be cross-examined regarding the basis of his conclusions or recommendations. *In re Welfare of S.R.J.*, 293 N.W.2d 32, 36 (Minn.1980). He also claimed a witness may be cross-examined regarding material used to refresh recollection. *State v. Grunau*, 273 Minn. 315, 330–31, 141 N.W.2d 815, 826 (1966); Minn.R.Evid. 612.

Before testimony can be elicited involving specific reference to a document, however, that document must first be marked and introduced. *See* Minn.R.Evid. 901. Appellant declined that procedure and voluntarily terminated his cross-examination. His claim the trial court abused its discretion in denying cross-examination is without merit.

2. Appellant claims Tom Roy's reference study failed to address amenability to treatment but concentrated on appellant's "best opportunity for success" in correct-

ing his problems. He asserts this focus voided the report's value in determining appropriateness of reference.

■ In deciding whether to refer, the trial court is bound to consider suitability for treatment. Minn.R.P.Juv.Cts. 32.05, subd. 2 (applying Minn.Stat. § 260.125, subd. 2(d)(2)). When a prima facie demonstration of unsuitability has not been made, the court must examine the totality of the circumstances. *Id.* Suggested factors include:

(f) the absence of adequate protective and security facilities available to the juvenile treatment system,

(g) the sophistication and maturity of the child as determined by consideration of the child's home, environmental situation, emotional attitude and pattern of living, [and]

(h) the record and previous history of the child.

*Id.; see In re Welfare of K.J.K.,* 357 N.W.2d 117 (Minn.Ct.App.1984). The Minnesota Supreme Court has also approved consideration of the propriety of adult system treatment. *In re Welfare of J.E.C.,* 302 Minn. 387, 400, 225 N.W.2d 245, 253 (1975).

Roy considered a number of factors in his report. First, he reviewed appellant's juvenile offense history citing multiple offenses dating back to November 19, 1979. Second, he capsulized summary reports from the various juvenile treatment centers appellant attended, noting appellant's general failure to complete objectives. Third, he reproduced part of Gilliland's psychological evaluation which stated appellant was unlikely to change his attitude or behavior. Fourth, he reproduced in part a screening summary from the "2001" Treatment Center which analyzed appellant at his request. That summary stated, "Due to the extensive delinquency and personality make-up of [appellant], I do not feel that he is appropriate for the "2001" program." Finally, Roy presented his own conclusions stating "[b]ecause of his age, his previous criminal involvement, the previous failures at treatment, there does not appear to be

any local juvenile programs that can effectively address [appellant's] problems."

Roy found appellant had been offered the best the juvenile system had to offer, appellant was comfortable with his present day-to-day existence, and appellant had no realistic goals or ambitions. Based on these considerations, Roy recommended reference and suggested the Northeast Regional Corrections Center as offering appellant his best opportunity for solving his problems. He testified the center would provide appellant vocation orientation. He was not aware of any juvenile programs that would provide appellant treatment which he had not yet received.

■ In light of the report's contents, it is apparent Roy addressed the rule-suggested factors in determining appellant's amenability to juvenile treatment, and the report's focus was therefore proper.

■ 3. Appellant claims the psychological evaluation was irrelevant because it focused on factors mitigating against appellant's adult certification rather than appellant's suitability for treatment as a juvenile. Because the psychological report was never received in evidence, review of its relevancy is not within our scope. Gilliland did testify regarding his findings, stating he found no evidence of thought disorder or pathology, appellant had a moderate tendency to abuse alcohol and/or drugs, and appellant understands the nature and consequences of his behavior. That testimony is relevant to the totality of the circumstances. *See* Minn.R.P.Juv.Cts. 32.05, subd. 2. The weight to be given the testimony's relevance is determined by the trial court.

4. Appellant claims there was insufficient evidence to find him unsuitable for juvenile treatment.

The court has broad discretion in determining whether a juvenile is suitable for treatment in the juvenile system, and its decision will not be overturned unless it is clearly erroneous.

*In re Welfare of K.J.K.,* 357 N.W.2d at 119.

■ On March 20, 1985, the trial court filed findings supporting its amended refer-

ence order pursuant to appellant's request. Those findings are sufficient and void of error. The trial court's reasons included (a) appellant's juvenile offense history of several years, (b) 11 unsuccessful attempts at juvenile treatment, (c) appellant's numerous probation violations, (d) appellant's lack of psychological disorder, and (e) appellant's age. This court has previously affirmed reference in a similar case. *Id.*

## DECISION

Limitation of appellant's cross-examination was not trial court error. The reference study properly focused on rule-suggested factors for determining the totality of the circumstances regarding suitability for juvenile treatment. Testimony regarding the psychological evaluation was relevant to the totality of circumstances. Sufficient evidence existed to support the reference order.

Affirmed.