**In the Matter of the WELFARE OF E.Y.W.**

**No. C2–92–1415.**

Court of Appeals of Minnesota.

March 2, 1993.

Review Denied April 20, 1993.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Patricia M. Nevin, Daniel E. O'Brien, Asst. Public Defenders, Minneapolis, for appellant E.Y.W.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Freeman, Hennepin County Atty., Donna J. Wolfson, Lee W. Barry, Asst. County Attys., Minneapolis, for respondent State of Minn.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

The state filed a petition seeking to refer appellant E.Y.W. to adult court for prose-

cution. Following a reference hearing, the juvenile court granted the state's petition and referred E.Y.W. for adult prosecution. E.Y.W. appeals from the reference order, arguing the juvenile court committed various errors in conducting the reference hearing. We affirm.

## FACTS

On February 26, 1992, the County Attorney filed a delinquency petition, alleging that E.Y.W. and two others robbed and killed the victim by tying him with a telephone cord and stabbing him 27 times, and used his credit card to rent a hotel room. E.Y.W. and the others were arrested at the hotel after they were overheard discussing a murder. E.Y.W. gave a statement to the police after his arrest confessing to the murder.

The state moved the juvenile court to find a prima facie case for reference based upon the state's delinquency petition, autopsy and police reports, and other evidence, including E.Y.W.'s juvenile court record. E.Y.W.'s juvenile court record shows that he has been arrested and sentenced to treatment in several juvenile facilities. E.Y.W.'s treatment has been unsuccessful at every facility.

On March 6, 1992, the parties appeared for the first time on the adult reference motion. E.Y.W. filed a motion to adjudicate evidentiary issues prior to the court's probable cause determination. E.Y.W. sought to withhold his confession in the police report from the probable cause determination alleging he was mentally incompetent to waive his Fifth and Sixth Amendment rights before talking with the police. The court denied the motion on March 25, 1992 indicating that resolution of evidentiary questions was strictly a post-reference, adult court matter.

E.Y.W. asserted his mental competency was a threshold issue that necessitated resolution prior to the probable cause determination for three reasons. First, E.Y.W. argued that since the state based the adult reference motion on unamenability to treatment, his alleged mental incompetency had a direct effect on unamenability to treat-

ment. E.Y.W. claims that adult reference proceedings based upon treatment amenability violated his due process rights. Second, E.Y.W. argued that any mental defect would affect the determination of the commission of premeditated acts alleged in the delinquency petition. Lastly, E.Y.W. argued the adult reference proceedings on the third basis for reference, public safety, could not proceed until determination of E.Y.W.'s psychiatric condition. Based on these arguments, the court ordered a reference study, a psychological study, a psychiatric study and a neuro-psychiatric study on E.Y.W.

The psychological and psychiatric experts conducting the study testified that E.Y.W. was not suffering from mental illness at the time of the crime and that there was no clinical basis to question E.Y.W.'s competency to stand trial in adult court. They recommended that E.Y.W. be referred to adult court for prosecution because he showed an unamenability to treatment in the juvenile system and because the public safety would not be served by keeping E.Y.W. in the juvenile court system. The court took judicial notice of the various studies, the petition and the probable cause finding with supporting police reports. As a result, the court found that the state established a prima facie case for adult reference.

E.Y.W. requested, and received, a continuance to prepare a rebuttal of the state's prima facie case. When the court reconvened three weeks later, however, E.Y.W. rested without calling any witnesses or offering any evidence in rebuttal. The juvenile court held there was no evidence any juvenile treatment facility would accept E.Y.W. or that it was appropriate for E.Y.W. to be placed at any juvenile treatment facility. Thus, the court concluded an unrebutted prima facie case of reference for adult prosecution had been established. Therefore, the juvenile court referred E.Y.W. for prosecution as an adult for first degree murder and second degree murder. This appeal followed.

## ISSUES

I.   Did the juvenile court err in conducting a probable cause hearing before determining the evidentiary issues?

II.   Did the juvenile court err in finding the state established a prima facie case for adult reference based on the record as a whole?

III.   Did the juvenile court err in failing to conduct a competency hearing?

IV.   Is Minn.Stat. § 260.125, subd. 3 (Supp.1991) unconstitutional as applied in this case?

## ANALYSIS

### I.

E.Y.W. argues the juvenile court abused its discretion when it failed to conduct an evidentiary hearing to determine if his confession to the police should be excluded in establishing probable cause.

■   In referring juveniles for adult prosecution, the juvenile court is vested with broad discretion in deciding whether probable cause exists, and its findings will not be disturbed on appeal unless clearly erroneous. *In re Welfare of Haaland*, 346 N.W.2d 190, 193 (Minn.App.1984).

■   The Rules of Juvenile Court Procedure require that prior to an adult reference hearing, a showing of "probable cause * * * shall be made pursuant to Rule 11 of the Minnesota Rules of Criminal Procedure." Minn.R.Juv.P. 32.05, subd. 1. Rule 11 provides in relevant part:

The court shall hear and determine all motions made by the defendant or prosecution, including a motion that there is an insufficient showing of probable cause to believe that the defendant committed the offense charged in the complaint, and receive such evidence as may be offered in support or opposition. * * * A finding by the court of probable cause shall be based upon the entire record including reliable hearsay in whole or in part.

Minn.R.Crim.P. 11.03. This rule states that the entire record is to be examined. The record may well contain evidence which will not be admissible at trial, such as police reports and hearsay. Rule 11.03 does not support E.Y.W.'s contention that Rule 32.05 mandates a pre-probable cause evidentiary hearing in order to insure that only evidence admissible at trial supports any finding of probable cause. Moreover, police reports. can be used in reference hearings. *In re Welfare of S.R.J.*, 293 N.W.2d 32, 36 (Minn.1980); *In re Welfare of T.S.E.*, 379 N.W.2d 99, 103 (Minn.App. 1985).

The purpose of an evidentiary hearing is to determine whether the state's evidence violates any constitutional rights of the accused. The remedy for any violation is the suppression of the evidence at trial. Before evidence may be suppressed at trial, however, it must first be determined that there is going to be a trial. If probable cause is not found, there is no need for the trial.

A reference hearing is not a trial. A reference hearing is to determine if the entire record shows that a juvenile should be referred to adult court for prosecution. E.Y.W. is still free to challenge the admissibility of evidence if an adult court trial is warranted. Because Rule 11.03 mandates that the finding of probable cause be based upon the entire record, E.Y.W. is not entitled to a pre-probable cause evidentiary hearing which could preclude the court from examining the entire record.

### II.

E.Y.W. argues that the juvenile court erred in finding the state established a prima facie case for adult reference based upon the record as a whole. E.Y.W. contends the juvenile court erroneously decided that the state established a prima facie case for reference without giving him an adequate opportunity for rebuttal.

■   The juvenile court has considerable latitude in determining if certification for adult prosecution will be made. Its decision will not be disturbed unless its findings are clearly erroneous so as to constitute an abuse of discretion. *In re Welfare of J.L.B.*, 435 N.W.2d 595, 598 (Minn.App.

1989), *pet. for rev. denied* (Minn. Mar. 17, 1989).

■ The state may prove its case for reference either by clear and convincing evidence of dangerousness or unamenability to treatment, pursuant to Minn.Stat. § 260.125, subd. 2 (Supp.1991), or by proof of an offense establishing a prima facie case under Minn.Stat. § 260.125, subd. 3 (Supp.1991). *In re Welfare of D.M.*, 373 N.W.2d 845, 848 (Minn.App.1985). The effect of a prima facie finding is to shift the burden to the juvenile to establish amenability to treatment and that the public safety is served by retention in the juvenile court system. *Id.*

■ Review of the record and case law does not support E.Y.W.'s argument. The juvenile court continued the matter for three weeks to allow E.Y.W. the opportunity to prepare a rebuttal of the state's prima facie case for reference to adult court. E.Y.W., however, failed to present evidence or witnesses to rebut the prima facie showing. As a result, the juvenile court properly decided to refer E.Y.W. for prosecution in adult court.

E.Y.W. was 16 years old when he allegedly tied the victim with a telephone cord and repeatedly stabbed him in the chest. E.Y.W. then left the victim to bleed to death while he and his cohorts took the victim's credit card and checked into a hotel room. Two psychological experts determined E.Y.W. is unamenable to treatment in the juvenile court system. In addition, E.Y.W. has an extensive history of failure in juvenile court treatment. The particular cruelty shown in this incident is sufficient to show the state established a prima facie case for reference pursuant to Minn.Stat. § 260.125, subd. 3(1)(a). *Cf. Haaland*, 346 N.W.2d at 193 (juvenile beat, kicked and raped 63–year–old woman and left her alone and naked in the middle of the night and showed no remorse for act).

We conclude the evidence supports the juvenile court's determination that the state demonstrated by clear and convincing evidence that E.Y.W. is not suitable for treatment in the juvenile court system. Therefore, E.Y.W. has failed to show that the juvenile court abused its discretion.

III.

■ E.Y.W. argues that the juvenile court erred in its competency ruling. On the issue of competency, this court must examine the record to determine whether the trial court gave proper weight to the information suggesting incompetence. *State v. Bauer*, 310 Minn. 103, 117, 245 N.W.2d 848, 856 (1976).

■ E.Y.W. was evaluated by two mental health experts. The experts stated E.Y.W. was not laboring under a defect of reason or from a mental illness or mental deficiency as to not know the nature of the act constituting the offense, or that it was wrong. Based on the expert input, the court determined there was no reason to believe that E.Y.W. was incompetent and thus denied defense counsel's motion for a competency hearing. Lastly, the juvenile court stated that competency was an ongoing issue. Therefore, nothing bars E.Y.W. from raising the competency issue again in the adult criminal court trial. For these reasons, E.Y.W. has failed to show the juvenile court abused its discretion in determining his competency.

IV.

E.Y.W. argues that Minn.Stat. § 260.125 is unconstitutional as applied to him. E.Y.W. argues he was denied his constitutional right to due process. He contends subdivisions 3(1) and 3(2) of Minn.Stat. § 260.125 create mandatory, irrebuttable presumptions that the child is unsuitable for treatment and the public safety would not be served under the laws of the juvenile court.

■ Every law enacted by the legislature carries a presumption of constitutional validity. *Head v. Special Sch. Dist. No. 1*, 288 Minn. 496, 506, 182 N.W.2d 887, 894 (1970), *cert. denied*, 404 U.S. 886, 92 S.Ct. 196, 30 L.Ed.2d 168 (1971). *See also* Minn.Stat. § 645.17(3) (1990) (courts are required to presume the legislature did not intend to violate the United States Consti-

tution or the Minnesota Constitution). The power of an appellate court to declare a statute unconstitutional is to be exercised only when absolutely necessary, and then only with great caution. *Wegan v. Village of Lexington,* 309 N.W.2d 273, 279 (Minn. 1981).

▮ E.Y.W.'s argument is erroneous because a prima facie case in a reference proceeding can be rebutted by a charged defendant.

> If a prima facie demonstration pursuant to Minn.Stat. 260.125, subd. 3 has not been established *or has been rebutted* by significant evidence, the court, in making its determination as to whether the county attorney has demonstrated by clear and convincing evidence that the child is not suitable for treatment or that the public safety is not served under the provisions of the laws relating to juvenile courts, shall consider the totality of the circumstances.

Minn.R.Juv.P. 32.05, subd. 2 (emphasis added). E.Y.W. had the burden of showing, with significant evidence, that he was treatable within the juvenile system and that the public safety would be served by treatment within that system. *Id.*

Minnesota case law bears this out. For instance,

> [W]e have made it clear that when the defendant produces *"significant"* or *"substantial" evidence rebutting a prima facie case* for reference under the statute, then the role for the juvenile court is to decide on the basis of the entire record, without reference to the prima facie case, whether the state has met its burden of proving by clear and convincing evidence that the juvenile is unamenable to treatment in the juvenile court system consistent with the public safety.

*In Re Welfare of D.F.B.,* 433 N.W.2d 79, 81 (Minn.1988) (emphasis added).

Here, the juvenile court continued the matter in order for E.Y.W. to rebut the prima facie case established by the state. E.Y.W. failed to rebut the evidence and now attempts to challenge the constitutionality of the statute because of his failure to rebut the evidence. The fact E.Y.W. was unable or unwilling to present any evidence in rebuttal does not render the statute unconstitutional. Therefore, E.Y.W. has failed to show Minn.Stat. § 260.125, subd. 3 is unconstitutional as applied to him.

## DECISION

The juvenile court did not err in conducting a probable cause hearing prior to an evidentiary hearing. The evidence reasonably supports the juvenile court finding that the state established a prima facie case for adult reference and that E.Y.W. failed to rebut the prima facie case. Similarly, E.Y.W. has failed to show a competency hearing was necessary. Finally, Minn.Stat. § 260.125, subd. 3 does not violate E.Y.W.'s due process rights.

Affirmed.