**In the Matter of the WELFARE OF A.C.N.**

**No. C8–97–2166.**

Court of Appeals of Minnesota.

Sept. 1, 1998.

John M. Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Attorney General, St. Paul; and Susan Gaertner, Ramsey County Attorney, Beth G. Sullivan, Assistant County Attorney, St. Paul, for respondent.

Considered and decided by
SCHUMACHER, P.J., RANDALL and
KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant A.C.N. challenges the district court's certification order. Appellant argues the district court abused its discretion in ordering certification for the offense of aiding an offender after the fact in a homicide because: (1) the evidence did not establish probable cause to charge appellant with accessory after the fact in a homicide; (2) the district court erred in treating this as a presumptive certification because accessory after the fact crimes do not carry a presumptive prison sentence; and (3) public safety would be served by retaining appellant as an extended jurisdiction juvenile.

## FACTS

On August 1, 1997, at approximately 1:30 a.m., Laurens Matton was driving with his friend Laura MacPhee on I–94 near St. Paul. Three persons in a white Toyota, including appellant who was alone in the back seat, had followed them onto the freeway from the West Seventh Street entrance. After Matton unsuccessfully tried to elude the Toyota several times, the driver of the Toyota, James Lundquist, pulled up next to Matton's car and fired a gun into Matton's tinted driver's side window. Seeing the window cave in, Lundquist sped off at speeds between 100 and 120 mph. Eventually the three individuals abandoned the Toyota and hid Lundquist's gun in nearby bushes.

Matton flagged down help, but MacPhee died of a gunshot wound to the head. Matton gave officers a description of the suspects and their car. A short time later, officers saw three suspicious-looking persons and tried to apprehend them, but appellant escaped. Officers questioned the other two suspects who named appellant as the third occupant of the car. The suspects claimed they had exchanged words with the occupants in Matton's car, and that Lundquist tried to scare them by showing his gun. Lundquist claimed the gun fired accidentally.

The suspects claimed they did not know anyone had been shot because Matton's car had tinted windows. The suspects then showed officers where the gun was hidden. Lundquist subsequently pleaded guilty to second-degree murder and second-degree assault and is serving an adult sentence.

Appellant A.C.N. was charged with two counts of aiding an offender after the offense of drive-by shooting, and one count of aiding an offender after the offense of drive-by homicide (murder in the second degree). Because of appellant's age and the seriousness of the alleged count regarding the drive-by homicide, the district court heard this matter as a presumptive certification under Minn.Stat. § 260.125, subd. 2a (1996). Prior to the certification hearing appellant made a motion to dismiss the charge of aiding an offender after the offense of drive-by homicide. Appellant's motion was denied and, after a hearing, the district court granted the state's motion for certification.

## ISSUE

Was there probable cause to charge appellant with the crime of aiding an offender after the offense of second-degree murder?

## ANALYSIS

■ Whether the facts here constitute probable cause that A.C.N. committed the crime of accessory after the fact to a homicide involves a question of statutory interpretation. Because the interpretation of a statute is a question of law, this court is not bound by the district court's conclusion and that conclusion is subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn. 1996). Additionally, we note that all penal statutes are to be construed strictly against the state and in favor of the defendant. *State v. Haas*, 280 Minn. 197, 200, 159 N.W.2d 118, 121 (1968).

A court may order certification only if the state can first establish probable cause to believe the child committed the offense(s) alleged in the delinquency petition. Minn. Stat. § 260.125, subd. 2(5) (1996). For the purposes of this appeal, appellant concedes the state established probable cause for

charges II and III (aiding an offender in a drive by shooting: two counts). Appellant contends, however, the district court erred in finding there was probable cause for the charge of aiding an offender after the offense of second-degree murder and that the error had a prejudicial effect on the certification proceeding. We agree.

■ The probable cause determination "shall be based upon the entire record including reliable hearsay in whole or in part." Minn. R.Crim. P. 11.03. After examining the entire record, the district court can deny the motion to dismiss if "satisfied that the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial." *State v. Florence,* 306 Minn. 442, 459, 239 N.W.2d 892, 903 (1976) *modified, State v. Rud,* 359 N.W.2d 573, 579 (Minn.1984) (emphasizing that the state need not produce witnesses at probable cause hearing to prevent dismissal). Because there were no witnesses at the probable cause hearing, this court need not defer to the district court's determination of witness demeanor and credibility in its evaluation of the written record. *See In re Welfare of Haaland,* 346 N.W.2d 190, 192–93 (Minn.App. 1984) (stating that the district court findings "possess a certain integrity not contained in the written record alone" when they are a product of first-hand observation of witness demeanor and credibility). However, the findings of the district court "will not be disturbed on appeal unless they are clearly erroneous." *Id.* at 193.

At issue here is the determination as to the necessary elements to convict a person under the accessory after the fact statute. Specifically, appellant contends that actual knowledge of the death resulting from Lundquist's drive-by shooting is an element of the offense of aiding an offender after the fact in a drive-by homicide.

The statute that defines the crime of aiding an offender after the fact reads:

Whoever intentionally aids another person known by the actor to have committed a criminal act, by destroying or concealing evidence of that crime, providing false or misleading information about that crime, receiving the proceeds of that crime, or otherwise obstructing the investigation or prosecution of that crime is an accomplice after the fact and may be sentenced to not more than one-half of the statutory maximum sentence of imprisonment or to payment of a fine of not more than one-half of the maximum fine that could be imposed on the principal offender for the crime of violence. For purposes of this subdivision, "criminal act" means an act that is a crime listed in section 609.11, subdivision 9, under the laws of this or another state, or of the United States, and also includes an act that would be a criminal act if committed by an adult.

Minn.Stat. § 609.495, subd. 3 (1996). The state contends that to establish probable cause, it need not prove A.C.N. actually knew Lundquist had committed a homicide when A.C.N. helped Lundquist hide the weapon. We disagree.

■ Under Minnesota's accessory after the fact statute, a person can be convicted of aiding a person who has committed a crime after the fact where the offender committed one of the criminal acts specified in Minn. Stat. § 609.11, subd. 9. A number of jurisdictions have adopted the common law rule and concluded that knowledge of the specific felony committed is an element of accessory after the fact crimes. In *Little v. United States,* 709 A.2d 708, 709 (D.C.App.1998), the defendant drove a car from which his co-defendant shot two men. One victim was shot in the head, heart, and abdomen and immediately fell to the ground and the other victim was shot twice in the back and once in the hand. *Id.* Both victims eventually died, but there was no evidence to indicate they were dead at the time Little drove his co-defendant away from the scene. *Id.* For this reason, the *Little* court held it could not convict Little on the accessory after the fact to murder charge. *Id.* at 714.

The federal statute criminalizing the offense of accessory after the fact reads:

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his

apprehension, trial or punishment, is an accessory after the fact.

18 U.S.C. § 3. (1994). This statute, which is similar to Minn.Stat. § 609.495, subd. 3, has consistently been interpreted to require specific knowledge of the underlying crime. *United States v. Lepanto*, 817 F.2d 1463, 1467 (10th Cir.1987); *United States v. Bissonette*, 586 F.2d 73, 76 (8th Cir.1978); *United States v. Burnette*, 698 F.2d 1038, 1051–52 (9th Cir.1983), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983).

In *United States v. Henning*, 77 F.3d 346, 348 (10th Cir.1996), the defendant actually delivered some of the stab wounds to the victim. He also was present when his co-defendant drove the victim to a field and dumped his body. *Id.* The *Henning* court held that in order to prove Henning was an accessory after the fact to premeditated murder, the prosecution had to prove the element that Henning knew the murder was premeditated. *Id.* at 350.

> [His co-defendant's] conviction for premeditated murder does not compel the conclusion that Mr. Henning was an accessory after the fact to premeditated murder.

*Id.* Here, Lundquist's conviction for murder in the second degree does not compel the conclusion that A.C.N. was an accessory after the fact to second-degree murder.

The accessory after the fact statute bases its punishment on the underlying offense. Thus, it would be inequitable to charge and sentence a defendant for aiding in a particular crime if the defendant does not know the person he is aiding has committed that crime. We therefore hold that the element of knowledge of the underlying offense must be proven as other elements. As stated by Justice Holmes:

> Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear.

*McBoyle v. United States*, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931).

Appellant concedes the state established probable cause that he aided the drive-by shooting after the fact by helping Lundquist dispose of the weapon. However, if the charges of aiding a drive-by shooting and aiding a drive-by homicide are to retain any distinction, there must be evidence that A.C.N. knew the shooting resulted in a homicide. The facts here, as viewed in the light most favorable to the state, do not establish appellant knew he was aiding a homicide. Appellant was in the back seat of the car and was not involved in the shooting itself. The car that was shot at had tinted windows, and Lundquist accelerated at a high rate of speed after the shooting. The state points out, and we accept as true for purposes of determining probable cause, that upon being apprehended and asked why the police were looking for him, A.C.N. stated "[s]omebody got shot." This statement, however, establishes knowledge of a shooting, but not a homicide. Thus, even if we were to accept the state's argument that the appropriate standard is whether appellant knew or "should have known" a homicide had occurred, the evidence here does not establish that appellant, from his vantage point in the back seat, "should have known" someone was killed.

■ The state acknowledges the common law rule but points to the holding of a Pennsylvania court that knowledge of the underlying offense in convictions for accessory after the fact is not required. *See Commonwealth v. McFadden*, 448 Pa. 146, 292 A.2d 358 (1972). After reviewing *McFadden* we conclude the better rule requires that where a statute bases the punishment of the accessory after the fact on the crime committed by the offender, the accessory must have actual knowledge of that crime.

The evidence here establishes that when appellant helped Lundquist hide the evidence appellant knew there was a drive-by shooting, but not a drive-by homicide. Thus, the state cannot prove beyond a reasonable doubt that appellant committed the offense of aiding an offender who committed a homicide and the district court erred in denying appellant's motion to dismiss this charge for lack of probable cause.

After finding probable cause that appellant aided an offender who had committed second-degree murder, the district court determined that the presumptive maximum sentence for this offense was 153 months imprisonment. The expert witnesses in appellant's certification hearing based their recommendations on the assumption that appellant would receive an adult sentence of 153 months if certified. Because the district court erred in finding probable cause that appellant aided a drive-by homicide, we conclude this error had a critical prejudicial effect on the certification determination. Therefore, we reverse the district court's certification order for the charge of aiding an offender known to have committed a drive-by homicide, and remand for a new certification hearing on the two counts of aiding an offender known to have committed a drive-by shooting.

Finally, because we reverse and remand for a new certification hearing, we do not address appellant's arguments that: (1) aiding after the fact a drive-by homicide does not "result in a presumptive commitment to prison under the sentencing guidelines" for purposes of Minn.Stat. § 260.125, subd. 2a; and (2) appellant rebutted the presumption of certification by proving by clear and convincing evidence that the public safety would be served by retaining him in the juvenile system as an extended jurisdiction juvenile.

## DECISION

Because the state did not present evidence that when aiding Lundquist A.C.N. knew Lundquist had committed a homicide, the district court erred in finding probable cause that A.C.N. committed the offense of aiding an offender after the offense of second-degree murder.

**Reversed and remanded.**