STATE of Minnesota, Respondent,

v.

**Gabriel LOPEZ, Appellant.**

No. A08–0133.

Court of Appeals of Minnesota.

April 28, 2009.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, Jenifer Kopischke, Certified Student Attorney, St. Paul, MN, and Charles Rasmussen, Todd County Attorney, Long Prairie, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; MINGE, Judge; and CONNOLLY, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court order requiring him to register as a predatory offender. Appellant argues that the district court erred by concluding that (1) appellant's controlled-substance conviction arose out of the same set of circumstances as his kidnapping charge; and (2) appellant's kidnapping charge was supported by probable cause. We affirm.

## FACTS

On April 6, 2006, appellant Gabriel Lopez and his brother, Jose Lopez, arranged to sell methamphetamine to a confidential informant (CI). Law enforcement gave the CI $600 to make the purchase. Later that day, the CI met appellant's brother who sold the CI eight grams of methamphetamine in exchange for the $600. The brother also transferred an additional 3.4 grams of methamphetamine to the CI for $300 to be paid at a later date.

An arranged meeting on April 10 between the CI and appellant to collect the remaining $300 was cancelled. On April 16, 2006, the CI phoned a deputy sheriff stating that he and a juvenile were being held in appellant's garage until the CI paid $300 to appellant and appellant's brother. In response, the deputy sheriff arranged to place a paper bag containing $300 at a softball field. The CI, the juvenile, appellant and appellant's brother all got in the same car and drove to the softball field, retrieved the paper bag, and returned to appellant's house. Upon returning to appellant's house, the CI and the juvenile drove away. The CI testified that, until they returned to appellant's house, he did not feel free to leave.

Appellant was charged with aiding and abetting a controlled-substance crime in the first degree and two counts of aiding and abetting kidnapping. Appellant moved the district court to dismiss the kidnapping charges for lack of probable cause. Based on the information available, the district court concluded that, because a reasonable fact-finder could determine that the juvenile and CI were held involuntarily, there was probable cause to support the kidnapping charges, denied the motion, and ordered that the matter proceed to trial.

Prior to trial, appellant pleaded guilty to the controlled-substance charge in exchange for a guideline sentence and dismissal of the kidnapping charges. Appellant filed a memorandum in opposition to the requirement that he register as a predatory offender, or, in the alternative, that he be allowed to withdraw his guilty plea. The district court granted appellant's request to withdraw his plea. The prosecution dismissed the kidnapping charges and a stipulated-facts trial was held on the controlled-substance charge. The district court found appellant guilty of the controlled-substance charge and ordered appellant to register as a predatory offender on the basis that the controlled-substance conviction arose out of the same circumstances as the kidnapping charges. This appeal follows.

## ISSUES

I. Did the controlled-substance conviction arise out of the same circumstances as the kidnapping?

II. Did the district court clearly err in its determination that the kidnapping charges were supported by probable cause?

## ANALYSIS

### I.

The first issue on appeal is whether the district court committed reversible error in determining that the controlled-substance and kidnapping charges arose out of the same circumstance. Minnesota's predatory-offender-registration statute states:

A person shall register under this section if:

(1) the person was charged with or petitioned for a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of or adjudicated delinquent for that offense *or another offense arising out of the same set of circumstances:*

. . . .

(ii) kidnapping under section 609.25.

Minn.Stat. § 243.166, subd. 1b(a)(1) (2004 & Supp.2005) (emphasis added). Under this statute, appellant was subject to the predatory-offender registration if the controlled-substance conviction arose out of the same circumstances as the kidnapping. *Id.* The statutory language is open-ended; "arising out of" allows for consolidation of offenses for broadly-related conduct.

*Standard of Review*

At the outset, we must address a disagreement between the parties regarding the appropriate standard of review. The state contends that the district court's determination that appellant's kidnapping charges and controlled-substance conviction arise from the same set of circumstances is a finding of fact that is reviewed for clear error. Appellant contends that the appropriate standard of appellate review of this district court determination is de novo and cites *Boutin v. LaFleur,* 591 N.W.2d 711, 714 (Minn.1999).

In *Boutin,* the appellant challenged his predatory-offender-registration requirement by bringing an action against the Commissioner of Corrections. *Id.* at 713. The district court in *Boutin* granted summary judgment in favor of the Commissioner, and the inmate appealed. *Id.* at 714. The supreme court determined that, because there were no issues of fact in dispute, it would interpret and apply the predatory-offender statute de novo. *Id.* The Minnesota Supreme Court provided no guidance on the standard of review, simply observing:

> We are satisfied, on this record, that the offense of third degree assault arose out of the same set of circumstances that supported the charge of criminal sexual misconduct in the third degree. [Defendant] admitted, at the time that he entered his plea, that the circumstances were aggravated by the fact that he had sexual intercourse with [the victim] after assaulting her and inflicting substantial bodily harm.

*Id.* at 716 n. 4. Respondent contends that the dissent and majority in *Boutin* disagreed regarding the factual findings and specifically whether the findings were adequate to support the district court's conclusion. *See id.* at 714 n. 4, 720. Regardless of such disagreement, we conclude *Boutin*

does not resolve the standard of review question presented in our case. Other cases provide limited guidance. *Compare, e.g., In re Welfare of Haaland,* 346 N.W.2d 190, 193 (Minn.App.1984) (reviewing probable cause determinations for clear error); *State v. Moe,* 498 N.W.2d 755, 758 (Minn. App.1993) ("A probable cause determination is a mixed question of fact and law, but once the facts have been found, the court must apply the law to determine whether probable cause exists.").

Here, the district court's determination that appellant was required to register as a predatory offender under section 243.166 involves questions of both law and fact. As a threshold matter, the events that gave rise to the charges must be reviewed to determine the underlying facts. This threshold determination is a traditional, district court fact-finding function that we review for clear error. *State v. Critt,* 554 N.W.2d 93, 95 (Minn.App.1996) (reviewing substantiality of violation of *Scales* recording requirement), *review denied* (Minn. Nov. 20, 1996); *see also In re Welfare of Haaland,* 346 N.W.2d at 193 (reviewing probable cause determinations for clear error). The application of the statutory criteria to the facts so found to determine whether the conviction arose out of the same circumstances as the predatory-offender charge requires an evaluation of the facts as found and a legal analysis of those facts. Such determinations are questions of law, which we review de novo. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996); *see also State v. Bunde,* 556 N.W.2d 917, 918 (Minn.App.1996) (holding the district court's application of statutory criteria to facts as found is a question of law subject to de novo review).

In sum, in this appeal we review for clear error the basic factual determinations of the district court regarding the kidnapping and controlled substance

charges. We review de novo whether the two types of charges arose out of the same circumstances.

*Arising out of the Same Circumstances*

■ Appellant argues that the district court erred in its determination that appellant's conviction arose out of the same set of circumstances as the predatory-offender (kidnapping) charges. Appellant supports his claim of error by arguing: (1) the kidnapping charges and the drug offense happened at separate locations and on separate dates; (2) the crimes had different victims; and (3) the drug offense was unrelated to the kidnapping offense. Appellant relies heavily on unpublished opinions in support of his argument. We disagree with appellant's interpretation of the unpublished case law and also note that unpublished opinions are not precedential. Minn.Stat. § 480A.08, subd. 3(c) (2008); *Vlahos v. R & I Constr. of Bloomington, Inc.*, 676 N.W.2d 672, 676 n. 3 (Minn.2004).

Appellant was charged with aiding and abetting a kidnapping for the purpose of facilitating the commission of a felony. Minn.Stat. § 609.25, subd. 1(2) (2004) (stating that whoever, for the purpose of facilitating the commission of any felony, "confines or removes from one place to another, any person without the person's consent ... is guilty of kidnapping"). Here, the felony in question was the controlled-substance crime for which the appellant was convicted.

■ In reviewing whether the two criminal charges arose out of the same circumstances, we look to the record and the events described in the complaint. *See Boutin*, 591 N.W.2d at 716 n. 4 (holding that a review of the record satisfied the court that non-predatory offense (assault) arose out of the same set of circumstances

that supported the predatory charge (criminal-sexual conduct)). We recognize that reported decisions requiring predatory-offender registration have been based on a conviction that arose from the same set of circumstances and have involved conduct that was united in time and place with the predatory charge. *See, e.g., id.* at 713–15 (concluding registration was required when the charged enumerated later sexual conduct and the earlier assault supporting the conviction occurred during an ongoing incident on the same day); *Gunderson v. Hvass*, 339 F.3d 639, 642–43 (8th Cir.2003) (finding charged enumerated conduct and conviction arose out of a single incident).

■ Here, the district court found that, from the perspective of the parties, the April 6 controlled-substance transaction was not complete until the final $300 payment was made on April 16 and that the $300 payment was made as the direct result of the alleged kidnapping. Under this reasoning, the controlled-substance charge was related to the kidnapping. Although the events of April 6 involved the transfer of a controlled substance and constituted a felony regardless of payment, payment for goods—even narcotics—is still a part of the overall transaction. Certainly, appellant and his brother were determined to enforce the $300 payment for the drugs. Because the prospect of financial gain is a consideration that drives the trafficking in controlled substances, the controlled-substance and the kidnapping conduct occurred during the overall, intra-related transaction. We conclude that appellant's controlled-substance conviction arose from the same set of circumstances as his kidnapping charge, and the district court did not clearly err in requiring appellant to register as a predatory offender.[1]

---

1. We note that the plain language of section 243.166 does not require an examination or comparison of the legal elements of the two charges. Minn.Stat. § 243.166, subd.

## II.

▮ The second issue on appeal is whether the district court erred in its finding that there was probable cause to support the charge of aiding and abetting kidnapping under Minn.Stat. § 609.25, subd. 1(2). Probable cause exists when the evidence worthy of consideration is adequate to conclude that the charges are reasonably probable. *State v. Florence*, 306 Minn. 442, 446, 239 N.W.2d 892, 896 (1976). In a probable cause hearing, the district court reviews the record as a whole, including witness statements and other evidence. Minn. R.Crim. P. 11.03.

▮ On appeal, we will accept the district court's findings of fact unless clearly erroneous. *State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003). "Findings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999) (internal quotation omitted). If there is reasonable evidence to support the district court's findings of fact, a reviewing court should not disturb those findings. *See State v. Danh*, 516 N.W.2d 539, 544 (Minn. 1994).

To prove someone is guilty of kidnapping, the state needs to prove the statutory elements:

> Whoever, for any of the following purposes, confines or removes from one place to another, any person without the person's consent ... is guilty of kidnapping ...
>
> . . . .
>
> (2) to facilitate commission of any felony or flight thereafter;

1b(a)(1). Thus, strict congruity of the minimum elements of each offense is not necessary.

Minn.Stat. § 609.25, subd. 1(2). And, under the aiding-and-abetting-kidnapping theory:

> A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

Minn.Stat. § 609.05, subd. 1 (2004).

Appellant argues that the district court did not find sufficient facts to support a claim that he aided and abetted the kidnapping of the CI and juvenile. While the district court's findings of fact discuss appellant's brother's conduct in greater detail, the district court did make findings on appellant's aiding-and-abetting role: (1) "[I]nformation currently before this Court demonstrates that a fact finder could ... determine that the CI and the juvenile were held hostage"; (2) at the gas station, appellant and his brother "forced the CI to get into the CI's car and drive to [appellant's] home"; (3) "[a]ccording to the CI, he and the juvenile were forced to remain in the garage for approximately 40 minutes and that during that time the [appellant and appellant's brother] locked the door on the garage and that he [sic] did not feel free to leave"; (4) appellant and his brother drove the CI and the juvenile to the softball field to pick up the money; and (5) there was no evidence that the appellant "in any manner contradicted or countermanded any instruction given by his brother ... in forcing the confinement of the CI and the juvenile."

▮ Appellant argues that the district court misapplied the aiding-and-abetting case law and cites *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981), for the proposition that aiding and abetting "requires

something more of a person than mere inaction to impose liability as a principal." However, "active participation in the overt act which constitutes the substantive offense is not required, and a person's presence, companionship, and conduct before and after an offense are relevant circumstances from which a person's criminal intent may be inferred." *State v. Ostrem,* 535 N.W.2d 916, 924 (Minn.1995).

Further, the district court noted that, even if the facts would not support an aiding-and-abetting kidnapping charge beginning at the time the CI and the juvenile left the gas station, "a reasonable inference may be drawn that the CI and the juvenile were being held against their will in the garage by [appellant's brother] and that [appellant] aided and abetted in the commission of that crime."

Because appellant was with his brother at the gas station, in the car, at his garage, and when the money was picked up and as a willing supporter, if not full participant, in his brother's collection activity, we conclude that the district court's findings are supported by the record and are sufficient to determine that the kidnapping charge against the appellant was reasonably probable, and we affirm that conclusion.

### III.

Finally, appellant argues that this court's analysis of whether the conviction arose out of the same circumstances as the predatory-offense charges should be determined by reference to the standard for severing charges for separate trials. Because this severance argument was not raised or argued at the district court, we decline to consider the issue for the first time on appeal. Reviewing courts "generally will not decide issues which were not raised before the district court." *Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996).

### DECISION

Because the district court did not clearly err in determining that the kidnapping charge arose out of the same circumstances as the controlled-substance conviction and because the kidnapping charge was supported by probable cause, we affirm.

**Affirmed.**